## In re CRONIN.

(District Court, D. Massachusetts. December 30, 1899.)

No. 1,535.

BANKRUPTCY—DISMISSAL OF PROCEEDINGS—CONSENT OF CREDITORS.

If one of the creditors joining in a petition in involuntary bankruptcy insists upon an adjudication being made, the court cannot dismiss the petition, if the statutory grounds for an adjudication exist, and no fraud, oppression, or mistake is shown, although the other petitioners consent to its dismissal, and although it appears that it would be for the best interests of creditors that the debtor should be allowed to settle with them out of court.

In Bankruptcy. On motion to dismiss petition.

Edgar R. Champlin, for petitioning creditors.
Lund & Welch, for objecting creditor.
Paul R. Blackmer, for certain creditors.
John F. Cronan, for respondent.

LOWELL, District Judge. This was an involuntary petition, which the respondent moved to dismiss. Two of the three petitioning creditors assented to this motion, and I am satisfied that it would be for the best interest of the creditors that the petition should be dismissed, and the respondent permitted to settle with his creditors by way of compromise, which he is prepared to do fairly and equally. The third petitioning creditor objected to the dismissal of the petition, and desired to proceed to an adjudication. It was not shown that any of the parties were acting in bad faith. If a respondent has committed an act of bankruptcy, and the statutory number of his creditors has duly petitioned for his adjudication as a bankrupt, this court must make the adjudication, even though it is satisfied that a compromise offered by the respondent would be for the best interest of the creditors. Bankruptcy is not a remedy like an injunction or the appointment of a receiver, granted in the discretion of a court of equity. The distribution of a debtor's assets is to be made in bankruptcy if he has committed an act of bankruptcy, and the other statutory requisites have been complied with. Fraud, oppression, or even mistake may, in some cases, be sufficient grounds for dismissal of the petition; but none of these grounds exist here. Lowell, Bankr. p. 39; King v. Henderson [1898] App. Cas. 720. Is the condition altered by the fact that the majority of the petitioners have come to desire a dismissal of the petition, which dismissal is resisted by the minority? Will the assent of a majority of the petitioners enable the court to act for the interest of the creditors by dismissing the petition, or has the minority the right to insist upon an adjudication, if an act of bankruptcy has been committed? I think that in this case the right of the minority is absolute. After petitioners have joined in a petition, they cannot ordinarily withdraw against the wishes of their fellow petitioners. Lowell, Bankr. p. 34; In re Heffron, 10 N. B. R. 213, Fed. Cas. No. 6,321; In re Sargent, 13 N. B. R. 144, Fed. Cas. No. 12,361. In Re Indianapolis, C.

& L. R. Co., 5 Biss. 287, Fed. Cas. No. 7,023, the court did, indeed, dismiss an involuntary petition, against the objection of two creditors, but only after payment in full had been secured to the objectors; and Judge Drummond said:

"I think that the bankrupt court, as a court of equity, has a full, equitable discretion upon this subject, and can allow a case to be withdrawn from it, provided it is done without prejudice to the interests of any of the parties, debtors or creditors, who are before it. And in this case I think it was competent for the bankrupt court to allow the case to be withdrawn from it, protecting the interests of the different nonassenting creditors."

Motion to dismiss denied.