UNITED STATES v. LOWENSTEIN.

(District Court, E. D. Pennsylvania. January 4, 1904.)

No. 22.

1. BANKRUPTCY—CONCEALMENT OF ASSETS—CONVICTION—EVIDENCE.

Evidence that after defendant had been declared a bankrupt he received from several persons, who owed him money at the time his petition was filed, several small sums on account of their debts, and that he applied the money thus received to the payment of two of his own creditors, was insufficient to establish a fraudulent concealment of assets, to sustain a conviction under Bankr. Act July 1, 1898, c. 541, § 29, subsec. "b," cl. 1, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433], prohibiting a bankrupt from knowingly and fraudulently concealing, while a bankrupt, from his trustee, money belonging to his estate in bankruptcy.

Motion for New Trial.

James B. Holland and William M. Stewart, Jr., for United States. Greenwald & Mayer, for defendant.

J. B. McPHERSON, District Judge. The defendant, against whom proceedings in bankruptcy are pending, was convicted, under Bankr. Act July 1, 1898, c. 541, § 29, subsec. "b," cl. 1, 30 Stat. 554 [U. S. Comp. St. 1901, p. 3433], of having knowingly and fraudulently concealed, while a bankrupt, from his trustee, certain sums of money belonging to his estate in bankruptcy. Upon a review of the evidence, however, it seems clear to me that the verdict was not warranted, and that, so far as appears, the defendant is not guilty. What he did was this: He received from three or four persons, who owed him money at the time his voluntary petition was filed, several small sums on account of their debts, and he applied the money thus received to the payment of two of his own creditors. That he knew this to be improper conduct may, perhaps, be rightfully inferred from the mere fact that the money was so received and applied, for he must be presumed to know the law, and to be aware that he had no right thus to deal with the assets of his estate; but that his action was fraudulent it seems to me to be impossible to conclude. The offense of fraudulently concealing assets can only be committed, I think, where the bankrupt dishonestly applies the money either to his own use or to his own purposes, so that he himself, or some other person whom he may desire to benefit, receives the advantage and profit of the sum concealed. Brandenburg, in the third edition of his book, on page 412, defines the offense somewhat more narrowly—"the essence of the offense being the placing of the property out of the trustee's reach by the bankrupt with intent to retain it for himself." But where, as in this case, the money is honestly applied to the payment

of a debt, even although the result of such payment is to advantage a creditor, the charge of fraud seems to me to be completely disproved. This view was also taken under the act of 1867 in United States v. Smith, Fed. Cas. No. 16,339, where Judge Hall, of the Northern District of New York, instructed a jury as follows:

"If he, in point of fact, received money to the extent of $2,000, and withheld it from his creditors and from his assignee, then he is liable to be convicted. * * * If he paid it over to his creditors—to honest creditors—and stated the fact upon his examination, then he would not be liable."

In the present case I have no doubt that Lowenstein acted innocently and ignorantly, and without any intention fraudulently to conceal money from his trustee. I may add that, unless the government should come into possession of additional evidence, it is unnecessary to waste time in another trial.

The motion is granted.