## In re QUINCY GRANITE QUARRIES CO.

### (District Court, D. Massachusetts.   July 22, 1904.)

### No. 8,574.

1. BANKRUPTCY—CORPORATION—MINING INCLUDES QUARRYING.

   A corporation engaged in operating a granite quarry, which it owned, and selling the stone, either for building or paving purposes or after it had been manufactured and finished for monumental or other purposes is chiefly engaged in mining and manufacturing and is subject to bankruptcy proceedings under Bankr. Act July 1, 1898, c. 541, 30 Stat. 547 [U. S. Comp. St. 1901, p. 3423], § 4b, as amended by Act Feb. 5, 1903, c. 487, § 3, 32 Stat. 797 [U. S. Comp. St. Supp. 1905, p. 683.]

   [Ed. Note.—What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank v. First Nat. Bank, 42 C. C. A. 4.]

2. SAME—INVOLUNTARY PETITION—RIGHT TO WITHDRAW.

   Creditors who have joined in a petition in involuntary bankruptcy against a debtor are not entitled to withdraw without the consent of all when the effect would be to require a dismissal of the proceedings.

In Bankruptcy.   On involuntary petition.

The respondent corporation was incorporated for the purpose, among other things, of "manufacturing building stone, ornamental stone, paving stone, monuments, and other forms of manufactured stone from granite and other kinds of stone, and for that purpose, quarrying, cutting, dressing, carving, and otherwise fashioning granite and other kinds of stone; and selling, exporting, or otherwise disposing of all forms of granite and other kinds of stone."

Robert K. Dickerman, for Curtin.
William H. Russell, for receivers of respondent.

LOWELL, Circuit Judge.   Involuntary petition against a corporation.   On the findings of the referee and the evidence, I have no doubt that the corporation is within the purview of the bankrupt act.   At one time and another four alleged creditors have joined in the petition.   I find that three of these, the Mt. Wollaston Bank, Sherburne, and Faxon, are creditors entitled to prove.   On the other hand, they have asked to withdraw from the petition, and that it be dismissed.   They should not be permitted to withdraw to the prejudice of the other petitioner, Curtin, trustee in bankruptcy of Tucker; but, if the respondent is right in its contention that Curtin is not a creditor, then the only petitioners with provable debts are here seeking to have the petition dismissed, and their prayer may be granted.   The decision of the case turns upon the status of Curtin.

That the respondent was at one time indebted to Tucker is not disputed, but it contends that its indebtedness was settled by a

promissory note given to Tucker and now outstanding in the hands· of a third person. There is controversy when this note was made. One Nolte, the treasurer of the respondent and the agent of Tucker, testified that he drew it some time before Tucker's general assignment. If this is true, the precise date of the note is not material. He testified that the note was delivered at Tucker's office into the hands of Tucker's agent, and was retained for an appreciable time by the agent. Beyond a certain vagueness in his testimony, there is nothing to impeach it. The petitioner Curtin, however, contended that the note was not properly indorsed to Tucker. It was signed by "The Quincy Granite Quarries Company, by Geo. H. Nolte, Treasurer," drawn to the order of "Geo. H. Nolte, Treasurer," and indorsed by "The Quincy Granite Quarries Company, by Geo. H. Nolte, Treasurer." While this might not have been a proper indorsement at common law, it appears to be good under Rev. Laws Mass. c. 73, § 59. That the note was given in payment is established, unless I am to disbelieve Nolte's testimony altogether in the absence of evidence to impeach it.

The title to this note is in controversy between Curtin and Cole. If the title is in Curtin, then he may by amendment to the petition in bankruptcy state his debt as a debt on a note, instead of for moneys advanced and loaned as now alleged in his petition. If the title is in Cole, the petition should be dismissed. As this question is in litigation in the state courts, action upon the petition in bankruptcy must be deferred until a decision has there been reached.