In re SAN JOSE BAKING CO.

(District Court, N. D. California, First Division. March 31, 1916.)

No. 9887.

BANKRUPTCY ☞92—INVOLUNTARY PROCEEDINGS—PETITION—WITHDRAWAL OF PETITIONERS.

  The withdrawal of any number of creditors who in good faith filed a petition in bankruptcy against the debtor does not prevent the court from proceeding with the adjudication so long as one or more of the petitioning creditors, though less than the number required to institute the proceedings, desires it, since any other rule would permit the alleged bankrupt to bargain with part of the creditors to induce them to withdraw and thereby defeat the proceedings.

  [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 107, 108, 133–136; Dec. Dig. ☞92.]

In Bankruptcy. In the matter of the San Jose Baking Company, alleged bankrupt. On motion by one of the petitioning creditors that the respondent be adjudged a bankrupt upon the pleadings and record. Motion granted.

Lloyd S. Ackerman, of San Francisco, Cal., for Henry F. Allen.

Goodfellow, Eells, Moore & Orrick, of San Francisco, Cal., for Sperry Flour Co., Hammond Milling Co., and Western Meat Co.

DOOLING, District Judge. On January 28, 1916, Henry F. Allen, Sam Martin, and Fred Welborn, three creditors of the San Jose Baking Company, a corporation, filed their petition in this court praying that said corporation be adjudged a bankrupt. On February 11, 1916,

M. Getz & Co. and Fred B. Bain, Incorporated, two other creditors, filed their petition in intervention and joined in the prayer of the original petition.

The alleged bankrupt has not appeared, but certain of its creditors have filed answers to the original petition and the petition in intervention, which do not deny the commission of the act of bankruptcy alleged. The answer to the original petition relies upon the fact that Sam Martin and Fred Welborn, two of the original petitioners, had withdrawn from said petition. The answer to the petition in intervention relies upon the fact that the two petitioners therein had withdrawn therefrom.

Henry F. Allen, one of the original petitioners, now moves the court that upon the pleadings and record the respondent company be adjudged a bankrupt. The motion is based on the proposition that after a petition has been properly filed, and the court has acquired jurisdiction, no withdrawal by any of the petitioning creditors can affect the right of any of the other creditors to have the matter proceed to adjudication. The motion must be granted.

It is not within the power of a creditor who joins in good faith in a petition to have his debtor adjudged a bankrupt thereafter to withdraw from such petition, and prevent the matter from proceeding, so long as any of the petitioning creditors insist that the matter do proceed. It is doubtful whether such petitioning creditor may withdraw in any event without leave of court so to do. Any other rule would leave the door open for the perpetration of fraud, and the surreptitious bargaining between the debtor and petitioning creditors in an effort to procure the withdrawal of a sufficient number of the latter to reduce the amount of claims or the number of creditors below the requirements of the statute. The court cannot inquire into the good faith of every attempted withdrawal, nor indeed is there any way to prove the secret bargainings between debtor and creditors, and the only way to prevent them is to hold such attempted withdrawals to be ineffectual so long as any of the petitioning creditors desire in good faith to prosecute their petition to an adjudication.

As the only defense to the petition here is the attempted withdrawal of some of the petitioners, the motion for adjudication will be granted. Counsel will prepare the order.