### In re J. W. WARD FARMING CO.*

### J. W. WARD FARMING CO. et al. v. LOWERY et al.

(Circuit Court of Appeals, Fifth Circuit. December 5, 1923. Rehearing Denied January 30, 1924.)

No. 4188.

I. **Bankruptcy ⬤══65—Payment to one of petitioning creditors held not to destroy court's power to proceed.**

After the filing of an involuntary petition in bankruptcy, the mere payment of a debt owing to one of several petitioning creditors does not destroy the power of the court to proceed to an adjudication, in view of Bankruptcy Act, § 59g, as amended (Comp. St. § 9643), providing that an involuntary petition shall not be dismissed by petitioner without notice to other creditors.

2. **Bankruptcy ⬤══6C—No defense to involuntary petition alleging appointment of receiver that debtor not insolvent.**

Under Bankruptcy Act, § 3a, subd. 4, as amended (Comp. St. § 9587), specifying acts of bankruptcy, it is no defense to an involuntary petition in bankruptcy, alleging that a receiver or trustee has been put in charge of the debtor's property because of insolvency, that debtor was in fact solvent when the petition was filed.

3. **Bankruptcy ⬤══60—Receiver held appointed because of "insolvency," within Bankruptcy Act.**

Where a petition in a receivership proceeding in a state court showed, that debtor's liabilities greatly exceeded his assets, and a decree of the state court found debtor insolvent and appointed a receiver, held that the appointment was because of "insolvency," not only within Texas law, but also within Bankruptcy Act, § 1 (Comp. St. § 9585).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Insolvency—Insolvent.]

Appeal from the District Court of the United States for the Western District of Texas; Duval West, Judge.

---

⬤══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 44 Sup. Ct. 452, 68 L. Ed. —.

Petition by W. E. Lowery and others to have the J. W. Ward Farming Company adjudged an involuntary bankrupt. Decree for petitioners, and the alleged bankrupt and its receiver appeal. Affirmed.

J. B. Lewright, of San Antonio, Tex. (R. W. Hudson, of Pearsall, Tex., and J. B. Lewright, of San Antonio, Tex., on the brief), for appellants.

Frank H. Booth, of San Antonio, Tex., for appellees.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. This is an appeal from an adjudication of bankruptcy on an involuntary petition filed February 2, 1923, against the J. W. Ward Farming Company by three of its alleged creditors, one of the petitioners being Magnolia Petroleum Company. The petition alleged:

"That within the four months next preceding the filing of this petition, and to wit, on the 14th day of December, A. D. 1922, because of said company's insolvency, a receiver was put in charge of its property under the laws of the state of Texas, in a certain suit then pending in the district court of Frio county, Tex., styled 'People's State Bank v. J. W. Ward Farming Company et al.,' in which said cause one John H. Evans, who resides in the town of Pearsall, in the county of Frio, Tex., was appointed receiver of said property by said district court."

[1] The alleged bankrupt's answer to the petition averred:

"That the aggregate of the property owned by said J. W. Ward Farming Company is, and was on February 2, 1923, at a fair valuation, sufficient in amount to pay all of its just debts," and "that some days prior to February 23, 1923, defendant J. W. Ward Farming Company paid or caused to be paid, in full, the note for $209.54, described in original petition of plaintiffs herein as then owned by Magnolia Petroleum Company, and that said Magnolia Petroleum Company was not in fact nor in law a creditor of the J. W. Ward Farming Company on February 23, 1923, so that at time of adjudication of bankruptcy herein there were only two petitioning creditors."

The court sustained motions to strike out the above-quoted parts of the answer. The appellants assign as errors that action of the court, and its action in making the adjudication on the state of facts agreed on.

The court's memorandum opinion shows that it found that the Magnolia Petroleum Company still appears on the court records as one of the original petitioning creditors, and that the court concluded that the mere fact of the payment as alleged of the debt owing to that petitioner did not constitute an elimination of that petitioner as a party. So far as appears, no application was made for leave for the Magnolia Petroleum Company to withdraw as a petitioner. Amended section 59g of the Bankruptcy Act (Comp. St. § 9643) provides:

"A voluntary or involuntary petition shall not be dismissed by the petitioner or petitioners or for want of prosecution or by consent of parties until after notice to the creditors, and to that end the court shall, before entertaining an application for dismissal, require the bankrupt to file a list, under oath, of all his creditors, with their addresses, and shall cause notice to be sent to all such creditors of the pendency of such application, and shall delay the hearing thereon for a reasonable time to allow all creditors and parties in interest opportunity to be heard."

While this provision does not deal with the subject of a withdrawal by a petitioning creditor, it shows that action by one such creditor vitally affecting the proceedings involves rights therein of his copetitioners and. other creditors, and that it is a function of the court to protect these rights from impairment by such action, without creditors not participating therein having an opportunity to be heard in regard thereto. To say the least, it is doubtful whether one of several petitioning creditors properly could be permitted to withdraw without notice to his copetitioners and other creditors, or whether a permitted withdrawal of one of several petitioning creditors on the sole ground that the debt to him was paid or satisfied after the petition was filed could have the effect of depriving his copetitioners of the right to prosecute the petition to an adjudication. In re San Jose Baking Co. (D. C.) 232 Fed. 200; In re Bedingfield (D. C.) 96 Fed. 190. However that may be, we are not of opinion that the power of the court to proceed to an adjudication is destroyed by the alleged bankrupt paying, after the filing of the petition, the debt owing to one of several petitioning creditors. It is incompatible with the rights acquired by the other petitioning creditors by their joining in the petition for the alleged bankrupt to have the power, without notice to such creditors or action by the court, to halt the proceeding or deprive it of life by reason of paying or satisfying, after the filing of the petition, the debt owing to one of the petitioning creditors.

[2] Amended section 3a of the Bankruptcy Act (Comp. St. § 9587) enumerates and defines acts of bankruptcy. Subdivision (4) of that section reads:

"Made a general assignment for the benefit of his creditors, or, being insolvent, applied for a receiver or trustee for his property or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, of a territory, or of the United States."

In the case of West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098, it was decided that the fact that the alleged bankrupt was solvent at the time the petition against him was filed is not a defense to a petition when the ground on which it prays for an adjudication of bankruptcy is that the alleged bankrupt has made a general assignment for the benefit of his creditors. The reasons stated in the opinion in that case in support of that conclusion also apply where the act of bankruptcy alleged is the one stated in the concluding part of the above-quoted subdivision:

"Or because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state," etc.

Where such an allegation of a bankruptcy petition is sustained by proving that because of insolvency a receiver or trustee has been put in charge of the alleged bankrupt's property under the laws of a state the adjudication sought cannot be escaped by proving the solvency of the alleged bankrupt at the time the petition or the answer to it was filed. The putting in charge of a receiver or trustee of a debtor's property because of his insolvency generally has substantially the same result which follows the making by a debtor of a general assignment. for the benefit of his creditors, namely, the administration of the debt-

or's property by the person so put in charge of it, the application of such property or the proceeds of the sale of it to the payment of the debts, and the settlement and winding up of the estate. The above-quoted provision of section 3a evidences an intention to confer on creditors in the one case as well as the other the right to have the debtor's property administered and settled by a court of bankruptcy. That provision has the effect of securing to creditors one of the benefits of a uniform system of bankruptcy.

[3] The adjudication appealed from resulted from the conclusion that the alleged act of bankruptcy was shown by the record of the proceedings in the case in a Texas state court of the People's State Bank against the alleged bankrupt and others, and by the admission that the property of the alleged bankrupt was put in the hands of the receiver appointed in that case. The petition in that case contained allegations to the following effect: That the debtor owed the petitioner described debts amounting to $25,621.06, secured by liens on described tracts of land; that it owed to a third party $20,000, with interest thereon; that other parties claimed that it owed them debts, the validity of which was denied; that the debtor is insolvent; that the above-mentioned tracts of land constitute substantially all of the present available assets of the debtor; that said lands are probably insufficient in value to discharge the debts owing to the petitioner; and that said debtor is wholly without funds and wholly unable to obtain funds with which to make any profitable use of said land for the year 1923. The decree appointing a receiver contained the following recital:

"It appearing from the sworn averments of said petition that said plaintiff is a mortgage creditor of J. W. Ward Farming Company, that said corporation is insolvent, and that said corporation admits its insolvency and does not desire to resist said petition for appointment of a receiver of its assets and property, it is therefore considered and ordered as follows, to wit."

The just-quoted recital shows that the court's action in appointing a receiver was because of the insolvency of the debtor, and that its finding of the existence of insolvency was based on the averments of the petition and the debtor's admission of its insolvency. We think that the averments of the petition show insolvency within the meaning of the Bankruptcy Act (Comp. St. §§ 9585–9656), in that they show that the aggregate of the debtor's property, exclusive of property fraudulently concealed or transferred, was not, at a fair valuation, sufficient in amount to pay its debts. Bankruptcy Act, § 1 (Comp. St. § 9585). Those averments, by showing that the debtor owed more than $45,000, that substantially all its available assets were probably insufficient to pay its debts to one creditor, amounting to less than $26,-000, and that it was without funds and unable to procure funds, fairly negative the conclusion that the debtor's property, at a fair valuation, was sufficient in amount to pay its alleged valid debts. In view of the allegations and admission upon which the finding of insolvency was based, the inference is warranted that thereby the court intended to, and did, find, not that the debtor was insolvent, only within the meaning of the Texas law, by merely being unable to meet its obligations in due course of trade, but that it was insolvent within the mean-

ing of the Bankruptcy Act's definition of insolvency. Hooks v. Aldridge, 145 Fed. 865, 76 C. C. A. 409.

It follows that the petition's allegation of an act of bankruptcy was sustained, and that the adjudication of bankruptcy in pursuance of the petition was not erroneous. That adjudication is affirmed.