WALKER et al. v. MORGAN & BIRD GRAV-
EL CO., Inc., et al.

Circuit Court of Appeals, Fifth Circuit.
July 12, 1927.

Rehearing Denied Aug. 10, 1927.

No. 4985.

1. Bankruptcy ⊖60—Appointment of receiv-
er, to constitute act of bankruptcy under
statute, must have been based on judicial de-
termination of debtor's insolvency, and not
on debtor's consent (Bankruptcy Act, § 3a
[11 U. S. C. A. § 21a]).

Under Bankruptcy Act, § 3a (11 U. S. C. A.
§ 21a), prior to amendment by Act May 27, 1926,
§ 3, making appointment of receiver or trus-
tee because of insolvency act of bankruptcy,
appointment of receiver must have been based
on judicial determination of the debtor's insol-
vency, and appointment pursuant to debtor's
consent, in absence of hearing on application
for receiver, or any admission or judicial de-
termination of his insolvency, is not an act of
bankruptcy.

2. Bankruptcy ⊖60—Petition that corpora-
tion be adjudged bankrupt held improperly
dismissed on theory that appointment of tem-
porary receiver with consent of corporation
was act of bankruptcy occurring more than 4
months before filing of petition (Bankruptcy
Act, § 3a [11 U. S. C. A. § 21a]).

Where, on petition for appointment of re-
ceiver on ground that corporation was insol-
vent and mismanaged, and the granting of con-
tinuance on motion of corporation, temporary
receiver was appointed with consent of corpo-
ration, and where, after expiration of continu-
ance granted and filing of supplemental peti-
tion, court appointed permanent receiver on ad-
mission of corporation's insolvency, held, under
Bankruptcy Act, § 3a (11 U. S. C. A. § 21a),
prior to amendment by Act May 27, 1926, § 3,
petition that corporation be adjudged bankrupt,
filed within four months after appointment of
permanent receiver, was improperly dismissed
on theory that act of bankruptcy occurred when
temporary receiver was appointed more than
four months previously.

3. Bankruptcy ⊖60—Appointment of receiv-
er because of insolvency under erroneous under
state statute, held nevertheless act of bank-
ruptcy (Act La. No. 159 of 1898; Bank-
ruptcy Act, § 3a [11 U. S. C. A. § 21a]).

State court's appointment of receiver for
corporation because of insolvency, though pos-
sibly erroneous under Act La. No. 159 of 1898,
held none the less an act of bankruptcy, within
Bankruptcy Act, § 3a (11 U. S. C. A. § 21a),
prior to amendment by Act May 27, 1926, § 3.

4. Bankruptcy ⊖76(3)—Creditors' limited
participation in receivership proceedings held
not estoppel to maintain involuntary bank-
ruptcy proceedings against debtor.

Creditors' participation in receivership pro-
ceeding, to extent of complying with temporary
receiver's request for itemized and verified
statements of their claims, held not to estop
them from maintaining involuntary bankruptcy
proceedings against debtor.

Appeal from the District Court of the
United States for the Western District of
Louisiana; Benjamin C. Dawkins, Judge.

Bankruptcy proceeding by M. T. Walker
and others against the Morgan & Bird Gravel
Company, Inc., represented by J. P. Wilkin-
son, receiver. From a decree dismissing pe-
tition, petitioners appeal. Reversed, and
cause remanded.

Jos. D. Barksdale, Otis W. Bullock, and
Howard B. Warren, all of Shreveport, La.
(Barksdale, Bullock, Warren, Clark & Van
Hook, of Shreveport, La., on the brief), for
appellants.

J. D. Wilkinson, C. H. Lewis, and W. S.
Wilkinson, all of Shreveport, La. (Wilkin-
son, Lewis & Wilkinson, of Shreveport, La.,
on the brief), for appellees.

Before WALKER, BRYAN, and FOS-
TER, Circuit Judges.

WALKER, Circuit Judge. This is an ap-
peal from an order or decree dismissing a
petition filed on March 26, 1926, by the ap-
pellants, four alleged creditors of Morgan &
Bird Gravel Company, a Louisiana corpora-
tion, which prayed that that corporation be
adjudged bankrupt; the petition alleging as
an act of bankruptcy that said corporation,
because of insolvency, was, on February 4,
1926, placed in receivership by judgment of
the first district court in and for Caddo par-
ish, Louisiana, in a suit brought by M. M.
Morelock against said corporation, which
judgment appointed as receiver a named
person, who qualified as such receiver and
was performing the duties of that trust at
the time of the filing of the petition.

The suit in which the receiver was ap-
pointed was instituted on August 11, 1925.
The petition in that suit alleged that said
corporation was insolvent, and that its man-
aging officers, including its president, were
grossly mismanaging its business, by commit-
ting alleged ultra vires acts, and by wasting,
misusing, and misapplying its funds. On
August 31, 1925, said corporation, before fil-
ing an answer to the petition in that suit,
filed a motion for a continuance, on the
ground that its president, T. G. Roberts, who
was a material witness, was ill and unable to
attend to business or to testify in the case.
That motion was granted on the day it was
filed, and on the same day a temporary re-
ceiver was appointed by a judgment which
contained the following:

"This matter coming on to be heard, and
by reason of the agreement of the respective
parties representing the plaintiff and defend-

ant: It is ordered, adjudged, and decreed that a temporary receiver be appointed to take charge and administer the affairs of the defendant company, until the further orders of the court, or until a hearing can be had on the application for the receiver herein, and accordingly J. P. Wilkinson, having been agreed upon by the respective parties, is appointed temporary receiver of said corporation on giving bond in the sum of $5,000, and taking the oath prescribed by law, and that he take charge of and administer as temporary receiver the entire property and affairs of the defendant corporation, subject to the orders of this court. * * *

"This appointment of said temporary receiver is made without prejudice to the rights of the defendant to have the case on its merits tried for such receiver, and on trial of said case, and final judgment thereon, the functions of said temporary receiver shall cease. The functions of said temporary receiver, however, shall end with the judgment of this court, irrespective whether a suspensive appeal is taken therefrom."

No answer to the original petition in that suit was filed until after the plaintiff in that suit had filed a supplemental petition, which repeated the allegation that said corporation was insolvent and alleged additional reasons for the appointment of a receiver of its properties. The answers to the original and supplemental petitions denied all the allegations of mismanagement of the corporation's business and of misconduct of its managing officers, but admitted the allegations of the corporation's insolvency. Upon the submission of the cause on the original and supplemental petitions and the answers thereto, the court adjudged that a receiver be appointed to take charge of the property and affairs of said corporation, and appointed as such receiver the person who previously had been appointed temporary receiver, as above stated. The record discloses that the dismissal of the bankruptcy petition was a result of the conclusion that the act of bankruptcy relied on occurred when the temporary receiver was appointed, more than four months prior to the filing of the bankruptcy petition. [1] For the appointment of a receiver of a debtor's property to come within the meaning of the provision of the Bankruptcy Act (11 U. S. C. A. § 21a), prior to its amendment by the Act of May 27, 1926 (44 Stat. 662), making it an act of bankruptcy of a debtor that "because of insolvency a receiver or trustee has been put in charge of his property under the laws of a state, of a territory, or of the United States," the appointment of the receiver must have been because of a judicial determination of the debtor's insolvency. An appointment of a receiver pursuant to the debtor's consent, and in the absence of a hearing on the application for a receiver, or of any admission or judicial determination of his insolvency, was not an act of bankruptcy. Hooks v. Aldridge (C. C. A.) 145 F. 865; In re J. W. Ward Farming Co. (C. C. A.) 295 F. 60; Zugallo v. International Mercantile Agency (C. C. A.) 142 F. 927; In re Douglas Coal & Coke Co. (D. C.) 131 F. 769; In re Sedalia Farmers' Co-Op. Packing & Produce Co. (D. C.) 268 F. 898.

[2] It plainly appears from the record in the state court suit that the action of that court in appointing a temporary receiver was based on the agreement of the parties to the suit, and not on a hearing on the application for a receiver, or on an admission or judicial determination of the debtor's insolvency. The appointment of the temporary receiver, in the circumstances disclosed, was not an act of bankruptcy. When the receiver was appointed, following the submission of the cause on the original and supplemental petitions and the answers thereto, there was no basis for that action of the court, except the admitted insolvency of the debtor, as all allegations of other grounds for the appointment of a receiver were denied and were unsupported by proof. We are of opinion that the record requires the conclusion that the action of the state court in putting the debtor's property in charge of a receiver was because of its insolvency, and that the act of bankruptcy relied on occurred within four months prior to the filing of the bankruptcy petition.

[3] It was suggested that under the law of Louisiana (Act 159 of 1898; State ex rel. Dauphin v. Ellis, 108 La. 521, 32 So. 335) the state court was without power or jurisdiction to appoint a receiver of the debtor's property because of insolvency prior to the creditor obtaining a final judgment. The action of that court, which is one of general jurisdiction, in appointing the receiver, having in fact been taken because of the debtor's insolvency, the validity of that action is not subject to be questioned otherwise than by an appellate court, and the act of bankruptcy was none the less complete by reason of the court's error in appointing a receiver on the ground of the debtor's insolvency. Beatty v. Andersen Coal Mining Co. (C. C. A.) 150 F. 293; In re Sedalia Farmers' Co-Op. Co., supra; Blue Mountain Iron & Steel Co. v. Portner (C. C. A.) 131 F. 57.

[4] It was contended that appellants were

estopped from maintaining their involuntary bankruptcy petition by their participation in the receivership proceeding. The record does not indicate that the appellants participated in the receivership proceeding, otherwise than by complying, while the temporary receivership was in effect, with the temporary receiver's requests that they furnish itemized and verified statements of their claims against the debtor. That compliance could not have misled any one into taking action in reliance on the belief that appellants would not seek a bankruptcy adjudication, in the event of an appointment of a receiver of the debtor's property because of its insolvency, and did not estop the appellants from maintaining their involuntary bankruptcy petition. Simonson v. Sinsheimer (C. C. A.) 100 F. 426. The record does not indicate that after the occurrence of the act of bankruptcy relied on anything transpired which was at all inconsistent with the appellants seeking a bankruptcy adjudication based on that act of bankruptcy.

We conclude that the court erred in dismissing the bankruptcy petition. The decree is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.