## HUDSON'S ESTATE v. EVANS.
### (No. 8070.)

Court of Civil Appeals of Texas. San Antonio. Nov. 28, 1928.

Phelps & Johnson, of Laredo, for appellants.

Weir & Weir, of San Antonio, and Magus Smith, of Pearsall, for appellee.

FLY, C. J. Appellee sued Charles H. Hudson and Irby J. Hudson, executors of the estate of R. W. Hudson, deceased, in the county court of Frio county, to recover the sum of $250, alleged to be due him by said estate on account of that sum having been paid as an attorney's fee to said R. W. Hudson, by appellee, under an order of the district court in the case of a receivership of the Jack W. Ward Farming Company, in which appellee was the receiver. It was alleged that, after appellee had paid $300 to said R. W. Hudson, the federal District Court declared the Farming Company a bankrupt, and ordered appellee to pay to the referee in bankruptcy $250 of the $300 previously paid to R. W. Hudson. The federal District Court ignored the proceedings in the receivership in the state court, and indirectly, if not directly, set aside and destroyed all judgments and orders made by the state court. An appeal was taken to the Circuit Court of Appeals [295 F. 60] where the orders of the federal District Court were affirmed. Appellee declined to obey the judgment of the federal court until an order was issued to confine him in jail. He then paid the $250 to the referee in bankruptcy. There was no controversy about the facts.

It is the contention of appellant that the matter of the fee had been adjudicated in the Texas district court by the order to the receiver to pay to R. W. Hudson, one of the attorneys for the receivership, the sum of $300, and could not be collaterally attacked. The proceedings in bankruptcy were begun less than four months from the time

the receiver was appointed in the district court, and the trustee in bankruptcy had the authority to set aside or avoid all orders made by the state district court. Barnes' Fed. Code 1919, § 9144 (11 USCA § 96). Everything done in the state court was nullified, and it followed that appellee should recover from the appellant the money paid under the nullified order to R. W. Hudson. A receiver in a state court may by summary order be compelled to surrender all assets to the trustee in bankruptcy. Brandenburg, Bankruptcy, §§ 898, 1061, 1107, 1108.

The cause of action was not barred by limitation. It did not accrue until appellee was compelled to pay the fee he had paid to R. W. Hudson. He had no cause of action until the receivership and all its acts had been annulled by the federal authorities.

The judgment will be affirmed.