GORDON OIL CO., Inc., v. CITIES SERVICE
REFINING CO. et al.
No. 2458.

Circuit Court of Appeals. First Circuit.
Nov. 8, 1930.

F. Paul Welsch, of Boston, Mass. (Max N. Lebowitz, of Boston, Mass., on the brief), for appellant.

Benjamin A. Levy, of Boston, Mass., for appellees.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge.

This is an appeal from an order of the District Court adjudging the appellant to be a bankrupt.

On June 24, 1929, the appellant made a common-law assignment for the benefit of its creditors to one Max N. Lebowitz, an attorney. On October 21, 1929, within four months after the date of the assignment, the Cities Service Refining Company filed an involuntary petition in bankruptcy against the appellant alleging the assignment as an act of bankruptcy and that there were less than twelve creditors. The appellant filed its answer, setting forth that there were more than twelve creditors and giving their names and addresses, but not the amounts of their several claims. On November 18, 1929, intervening petitions were filed by Moore & Kling, Inc., and C. B. Yule & Sons, and on December 2, 1929, a third intervening petition was filed by Edwin L. Trask.

The issue of adjudication was then referred to a special master to report the facts. It appeared at the hearing before the master that C. B. Yule & Sons had assented to the assignment and were thereby estopped from intervening as a creditor in the bankruptcy proceeding, and that an adjudication of bankruptcy depended on whether Edwin L. Trask was also estopped by having signed with others a letter, prepared by and addressed to the attorney, Max N. Lebowitz, under date of November 4, 1929, of the following tenor:

"This will serve to advise you that the undersigned creditor of the above concern does not desire the estate of the Gordon Oil Co., Inc. to be administered in bankruptcy, and we agree that we will not join in any bankruptcy petition in the above matter."

It was also claimed before the master that since the filing of the petition in bankruptcy and prior to the filing of his petition to intervene, the creditor Edwin L. Trask had accepted oil from one Louis Gordon in payment of his claim against the Gordon Oil Company, Inc.

The master found as facts: That the Gordon Oil Company, Inc., owed Trask at the date of the petition in bankruptcy $64.99; that Trask had, prior to his signing the letter addressed to Lebowitz on November 4, 1929, refused on several occasions to assent to the assignment; that he signed the letter on November 4th on the condition that Moore & Kling, Inc., would assent; that Moore & Kling, Inc., did not assent. On the contrary,

it appears that on November 18th they intervened as a petitioning creditor.

The master also found that by an arrangement with one Louis Gordon, after the filing of the petition in bankruptcy, and apparently entered into at the time of the signing of the letter to Lebowitz on November 4th, Trask and Gordon agreed that Trask might look to Gordon for his debt and Trask would accept oil in payment. He afterwards did receive from certain oil companies other than the bankrupt 645 gallons of oil of the value of $48.38, which Louis Gordon paid for personally, but which, even if Trask was bound to credit it on his account, did not fully discharge his claim.

It does not appear that Gordon had any authority to act for the corporation in this matter, or that the Gordon Oil Company, Inc., was a party to this arrangement or ever assented thereto; and the master found that whatever the deal was between Louis Gordon and Trask, the bankrupt was not a party or a privy thereto.

Any creditor who has a provable claim against a bankrupt at the time of the filing of the involuntary petition may intervene as a petitioning creditor, except in cases of fraud or of an assent to an assignment for the benefit of creditors. Collier on Bankruptcy (13th Ed.) § 59(h), p. 1220. This is true, even though the claim may never be allowed. Collier on Bankruptcy (13th Ed.) pp. 1372–1375.

It is not questioned but that Trask had a provable claim against the bankrupt at the time of the filing of the petition on October 21st, but it is urged that he was estopped from filing it on December 2, 1929, because of the arrangement entered into on November 4th with Louis Gordon for its payment.

The bankrupt could not, after the petition in bankruptcy was filed, with a view to defeat its adjudication as a bankrupt, pay, or set up the payment of a claim to which payment it was in any way a party. Section 29b of the Bankruptcy Act (11 USCA § 52(b); United States v. Lowenstein (D. C.) 126 F. 884; Board of County Com'rs v. Hurley (C. C. A.) 169 F. 92, 95. Nor could Trask have sued Gordon on the alleged agreement to pay, as it was not in writing. Even though paid in full by Gordon, unless assigned, only Trask could have proved the claim, Loveland on Bankruptcy, vol. 1, § 330, though Gordon might under the principles of equity have been entitled to the proceeds, and under certain circumstances, which do not exist here, might have been entitled under the doctrine of subrogation to prove it himself. The respective rights of Gordon and Trask, however, are not involved in these proceedings. Certainly, not having been fully paid and there being no assignment, Trask had on December 2, 1929, a provable claim, at least for the balance due him, if not for the original claim as it existed on the date of the petition in bankruptcy on October 21, 1929.

It is clear, therefore, that in any event unless the letter addressed to Max N. Lebowitz constituted such an assent to the assignment as to estop Trask from later intervening as a creditor, the adjudication by the court below was proper.

The letter, which it is claimed constituted an assent to the assignment, purports to be merely an agreement between the creditors and Lebowitz as an attorney; and for this reason it is urged by counsel for the appellees that it cannot be invoked by the bankrupt as an estoppel. Exchange Bank of St. Louis v. Rice, 107 Mass. 37, 41, 9 Am. Rep. 1. The letter, it is true, does not disclose that it related to the assignment, nor does the report of the master disclose that Trask ever saw the assignment or was apprised of its terms, though he knew one had been made. It appears on its face to be no more than an expression of the view of Trask that at the time he did not desire the affairs of the Gordon Oil Company, Inc., to be administered in bankruptcy, and an agreement with Lebowitz that he would not join in any bankruptcy petition.

No doubt under some circumstances a letter joined in by a creditor who was fully apprised of the terms of a common-law assignment, addressed to an attorney who was also the assignee, unconditionally assenting to the assignment, Nutter v. King, 152 Mass. 355, 25 N. E. 617; Tompkins v. Wheeler, 16 Pet. 106, 10 L. Ed. 903, might estop the creditor from proving his claim in bankruptcy.

The master, however, found that the agreement of Trask not to join was conditioned on the assent by Moore & Kling, Inc., to the assignment. If so, Trask was free to repudiate his agreement when he learned that Moore & Kling, Inc., did not assent.

We do not find that the facts found by the master upon the evidence and confirmed by the court below were clearly wrong, Canner v. Webster Tapper Co. (C. C. A.) 168 F. 519, or that the rulings of the court upon the facts found were erroneous.

The order of the District Court is affirmed, with costs in this court.