## In re GLEASON BROS., Inc.
### No. 52023.

District Court, D. Massachusetts.
Nov. 21, 1932.

McCarthy & Doherty, of Springfield, Mass., for petitioning creditors.

O'Brien & O'Brien, of Northampton, Mass., for bankrupt.

BREWSTER, District Judge.

This is an involuntary petition in bankruptcy, brought against Gleason Bros., Inc. The matter came before me on the petition, the answer, and statement of counsel who, in open court, agreed upon material facts.

The act of bankruptcy alleged and proved is that on the 15th day of September, 1932, because of insolvency, a receiver was put in charge of the property of the alleged bankrupt by order of the superior court for the commonwealth of Massachusetts. The petition is signed and duly verified by three creditors having provable claims amounting in the aggregate, in excess of securities held by them, to the sum of $500. None of the petitioning creditors participated in the receivership proceedings other than to file with the receiver their respective claims within the time fixed by the court for the filing of claims.

■ The insolvency of the alleged bankrupt is admitted. The act of bankruptcy was committed within the four months' period and, while the status of one of the petitioners as a creditor was questioned in the answer, this point was not pressed at the hearing before me. In any event, I find that all of the creditors upon the petition were entitled to join. I do not find it necessary to determine the exact amount of the provable claim of the Autocar Sales & Service Company. It is sufficient, for the purposes of this case, to find only that it is a creditor on an open account for $141.85, leaving for future determination in these proceedings the full extent of the claim of this creditor.

■ The only ground upon which this court is asked to dismiss the petition is the one set up in the answer, to the effect that the administration of the property of the company under the present receivership will be more advantageous to its creditors. Conceding this to be true, and that the administration under the receivership would be preferable to liquidation under the bankruptcy acts, I am unable to find any authority for denying to creditors the right to invoke the provisions of the bankruptcy laws, if they choose to do so.

I am controlled by the decisions in this circuit such as In re Cronin (D. C.) 98 F. 584; In re Lewis F. Perry & Whitney Co. (D. C.) 172 F. 745; Shechan & Egan, Inc., v. North Eastern Shoe Co. (C. C. A.) 47 F. (2d) 487, 489. In this last case the court states in the opinion that:

"We know of no case in which all the facts essential to a decree of adjudication have been found or admitted, where it has been held that the court, in its discretion, may decline to enter a decree of adjudication and order the petition dismissed. In re Cronin (D. C.) 98 F. 584. That was what was done in this case, and we are of the opinion that the court erred in so doing. It should have ordered adjudication.

"When an involuntary petition is defective in its allegations or is wanting in the requisite number of petitioning creditors, it probably is discretionary with the court whether it will allow the petition to be amended or will extend the time for other creditors to intervene, or will dismiss the petition. But, when the allegations of the petition are adequate, and the requisite number of petitioning creditors have joined, and these facts and allegations are established, it is the duty of the court to adjudicate."

In the matter before me there appears to be no defect in the proceedings, and the cases which recognize discretionary power in the court to cure defects by amendment do not apply.

Nor is the case of Park Lane Dresses, Inc., et al. v. Houghton & Dutton Co. (C. C. A.) 54 F.(2d) 33, in point. In that case Judge Lowell dismissed the petition on the ground that the petitioning creditors were estopped by their participation in the receivership proceedings. The Circuit Court of Appeals affirmed the District Court on the additional ground that the receiver had been in possession of the property of the alleged bankrupt for over four months, and the creditors who had assented to the receivership proceedings had acquired rights in the property that the bankruptcy court could not disturb, citing Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122.

In the instant case, the situation is very different. The petitioning creditors did not participate in the receivership proceedings to such an extent as to estop them from maintaining their involuntary petition. See Walker v. Morgan & Bird Gravel Co. (C. C. A.) 20 F.(2d) 547. And the petition is brought within one month after the receiver was appointed.

An order of adjudication may be entered upon the petition.