## In re SHARP BROS., Inc.
### No. 2822.

District Court, D. Montana.
Jan. 18, 1933.

T. B. Weir and Harry P. Bennett, both of Helena, Mont., for petitioning creditors.

Freeman, Thelen & Freeman and Ernest Abel, all of Great Falls, Mont., for intervening creditors.

BOURQUIN, District Judge.

Involuntary proceedings in bankruptcy by three creditors instituted, two of whom are assignees of claims for that purpose, are resisted only by creditors who have secured preferences by legal proceedings.

Although the evidence harks back twenty-three years in attempt to impeach the validity of one claim by reason of claimant's relations to the corporation and its predecessors, it suffices to say the endeavor fails and it is clear the elements of bankruptcy are proven.

It is urged, however, that (1) the assignees are disqualified to institute the proceeding, and (2) no service has been made on the corporation.

Adverting to the first, General Order 5 (11 USCA § 53) requires that assignees of claims shall disclose if secured "for the purpose of instituting bankruptcy proceedings." No doubt this is to the end that if secured to work oppression, a court of equity will refuse its aid and deny relief, for that he who doeth iniquity is not entitled to equity. That principle has no application here, where the object appears to be to defeat preferences and secure that ratable distribution of assets or trust funds which the law favors. See Reed v. Thornton (C. C. A.) 43 F.(2d) 813.

In respect to the last, it appears that August 1, 1932, all the stock of this Montana corporation was sold in foreclosure of pledge and purchased by a stranger. But it does not appear that the transfer has been made of record in the corporate books and/or new certificate issued.

August 24, 1932, this proceeding was instituted and process served on one Sharp as president of the corporation. He testifies that though president, a director, and stockholder of the corporation, after August 1,

1932, when his and all stock was sold as aforesaid, he had "nothing to do" with the corporation and so advised the process server. It is the resisting creditors' contention that the sale vacated the presidency of Sharp, and the service is invalid.

The state statutes provide that the president must be a director and directors must be stockholders. Sections 5933, 5938, R. C. Montana. They also provide that those of record as stockholders have the voting power, and no transfer of stock "shall affect the right of the corporation to * * * treat the holder of record as the holder in fact, until such transfer is recorded upon the books of the corporation, or a new certificate is issued" to the transferee. Id., §§ 5946, 5954. Thus, qualifications of both stockholders and officers are matter of record, and the object being protection of both the corporation and the public, the record is conclusive. See State v. Ferris, 42 Conn. 560; State v. Leete, 16 Nev. 242; In re Argus, etc., Co., 1 N. D. 434, 48 N. W. 347, 12 L. R. A. 781, 26 Am. St. Rep. 639.

It follows that the unrecorded sale of Sharp's stock had no effect whatever upon his qualification and incumbency of the presidency. However inactive, he was president de jure if not de facto when process was served.

The court finds the allegations of the petition are true, and therefrom concludes the prayer to adjudicate the corporation bankrupt should be and it is granted.

Decree accordingly.