**In the Matter of Dana SJOSTEDT, Debtor.**

**Bankruptcy No. 83–2217.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 6, 1986.

Don M. Stichter, Tampa, Fla., Michael J. Keane, St. Petersburg, Fla., for debtor.

David W. Steen, Tampa, Fla., for petitioning creditors.

Wm. H. Fleece, St. Petersburg, Fla., for Florida Nat. Bank.

D. Massari, Tampa, Fla., for Harmon T. Smith.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an involuntary Chapter 7 case which was filed against Dana Sjostedt. The involuntary petition was filed on October 26, 1983 by two petitioning creditors, Edwin B. Salmon (Salmon), Jr. and Alpha Three, Inc. (Alpha). Subsequently, three additional creditors joined the petition: Lewis Stahlman on November 28, 1983; Mary Lu Dixon on December 20, 1983; and Florida National Bank on May 15, 1985. The matter under consideration is a Motion for Summary Judgment filed by the involuntary Debtor seeking a judgment in its favor, dismissing the case, and awarding costs and attorney's fees.

The undisputed facts relevant to the disposition of this controversy are as follows:

On October 26, 1983 Salmon and Alpha filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code against Dana Sjostedt alleging that the Debtor was generally not paying his debts as they became due. The Debtor immediately moved to dismiss the involuntary petition as being defective on its face since it was filed by only two creditors and failed to allege that the Debtor in the petition had less than twelve creditors. As noted above, two additional creditors immediately joined the petition (on May 15, 1985 an additional petitioning creditor, Florida National Bank, gave notice that it joined in the involuntary petition) and the Motion to Dismiss was denied on December 22, 1983. On January 6, 1984 the Debtor moved to dismiss the involuntary petition for lack of jurisdiction as a result of *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). There was no order entered on that motion, although it was heard, and on January 3, 1985 the petitioning creditors moved for entry of an order for relief. The involuntary Debtor objected once again to

the entry of the order for relief and renewed its motion to dismiss by motion filed on February 12, 1985. By order entered on February 13, 1985 this Court denied the Motion to Dismiss and required Dana Sjostedt to file an answer to the involuntary petition.

The record reflects, and it is without dispute, that the involuntary Debtor had more than twelve creditors at the time of the commencement of the case. (Debtor's Affidavit).

Thereafter, the Debtor filed a Motion for Summary Judgment contending that there are no issues of material fact and that he is entitled to judgment as a matter of law. This is based on the following two grounds:

The first is that, based on the documents presented, the Court should find that the petition is insufficient in that § 303(b)(1) requires that the petition be filed by three or more entities holding claims that are not contingent or subject to a bona fide dispute. It is the Debtor's contention that none of the five petitioning creditors have such claims.

Secondly, the Debtor contends that he is generally paying his debts as they become due unless they are the subject of a bona fide dispute and, consequently, that he should prevail under § 303(h)(1) on that basis.

In support of his contentions, the Debtor directs the Court's attention to the claims of the petitioning creditors. The Debtor contends that the claim of Salmon is based on a debt that is the subject of a bona fide dispute. In support of this contention, the Debtor introduced into evidence a certified copy of the complaint and answer filed in the circuit court case, styled Edwin B. Salmon, Jr. v. Dana C. Sjostedt, Case No. # 83-6689-15, filed in the Circuit Court for Pinellas County, Fla. on June 6, 1983.

There is no question that when the debt claimed to be owed to a creditor is the subject of a lawsuit filed before the commencement of the case, the bankruptcy court is not obliged to find that the dispute is, in fact, bona fide within the meaning of § 303(h)(1), and therefore, that the creditor whose claim is challenged in the lawsuit is ineligible to be a petitioning creditor. *In re B.D. International Discount Corp.,* 701 F.2d 1071 (2d Cir.1983); *In the Matter of Covey,* 650 F.2d 877 (7th Cir.1981); *In re Dill,* 731 F.2d 629, Bankr.L.Rep. (CCH) ¶ 84,942 (9th Cir.1984); *In re R.N. Salem,* 29 B.R. 424 (S.D.Ohio 1983). This Court has reviewed the pleadings filed in the civil case referred to above and finds that the basis of the Debtor's defense to the action on the note in the civil case is the claim that when the Debtor signed the note in favor of the Bank, Salmon allegedly promised to personally guarantee the note and subsequently failed to do so.

There is nothing in this record to show evidence of any indemnity agreement between the Debtor and Salmon, thus even if the Debtor proved his allegations regarding the guarantee, the suit filed by Salmon is based on an obligation evidenced by a promissory note executed by the Debtor and acquired by Salmon by purchasing the note from the Bank. The Debtor would not have a legal defense sufficient to escape the liability evidenced by the note. Whether or not Salmon executed a personal guarantee of the note, the Bank, and, subsequently, the assignee of the note, Salmon, would have a absolute right to look to the maker of the note for payment.

■ A second defense asserted by the Debtor in the civil action is that the Plaintiff has not alleged that there was any consideration for the assignment of the note to Salmon. This contention is without merit because the holder of an instrument is not required to allege an assignment but is entitled to enforce payment in his own name whether or not he is the owner. Fla. Stats. § 673.3-301.

■ Based on the foregoing, this Court is satisfied that the debt owed to Salmon which is the subject of Civil Case No. 83-6689-15 in the Circuit Court for Pinellas County is not in a bona fide dispute, therefore, Salmon is an eligible petitioning creditor. In light of that finding, it is unneces-

sary to determine whether the additional claims by Salmon are valid.

The second petitioning creditor was Alpha. The Debtor contends that the claim held by Alpha is also subject to a bona fide dispute. In support of this contention, the Debtor filed a Motion to Compromise and Settle Controversy between the Debtor [Alpha] and Dana Sjostedt filed in the Chapter 11 proceeding in which Alpha was the debtor. This Court has reviewed the Compromise and finds that the debt underlying the claim of Alpha was, in fact, a bona fide dispute and, consequently, that Alpha should not be considered an eligible petitioning creditor for the purposes of § 303(b)(1).

■ The third petitioning creditor was Mary Lu Dixon whose claim was based on monies owed to her for services rendered to the Debtor. The Debtor contends that Dixon cannot be considered to be an eligible petitioning creditor because her claim has been paid and she has withdrawn from the involuntary petition pursuant to her affidavit filed July 26, 1985. The Court notes that there is no evidence to dispute that Mary Lu Dixon had a legitimate claim when she filed her notice to join as an additional petitioning creditor on December 20, 1983. Subsequent payment and notice of withdrawing from the petition does not invalidate her petition ab initio. It is well settled that the fact that a creditor is paid post petition and withdraws his joinder in an involuntary case does not render the petition insufficient for lack of sufficient number of eligible creditors under § 303(b)(1).

■ The Debtor has challenged the right of Lewis Stahlman to be an eligible petitioning creditor. The claim of Stahlman, according to his deposition filed in this case, is based on his payment of Dixon's claim against the Debtor. The record is clear, and it is uncontested, that Stahlman paid Dixon's debt "out of friendship" for Dixon and not at the Debtor's request. Stahlman contends that the Debtor subsequently promised to reimburse him. The Debtor denies that such a promise was ever made and contends that even if such promise had been given, it is unenforceable under the Fla. Stats. § 725.01 which provides that "no action shall be brought ... to charge the defendant upon any special promise to answer for the debt ... of another person ... unless the agreement or promise upon which action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith...." The Court rejects the characterzation of Stahlman's claim as the promise to pay the debt of another, but finds that it is, at best, a promise to reimburse Stahlman after he had paid "out of friendship". Such a promise fails for lack of consideration and cannot be the basis for a bona fide claim against the Debtor's estate. Furthermore, this debt, by the claimant's own admission, is the same as that claimed by Dixon. Stahlman, therefore, is not eligible as a petitioning creditor for the purposes of § 303(b)(1).

■ The claim of the remaining petitioning creditor, Florida National Bank, is based on a guaranty signed by the Debtor of a note executed by E.B. Salmon Enterprises, Inc. The Debtor contends that the Bank is not an eligible petitioning creditor because the guaranty is contingent in that it establishes only secondary liability. The Court rejects this argument and notes that the Loan Guaranty Agreement, by its own terms, establishes primary liability on the Debtor and his obligation is not secondary and contingent. The fact that Florida National Bank withdrew as a petitioning creditor after the commencement of this case, as noted earlier, is without legal significance.

Based on the foregoing, the requirement that an involuntary petition be filed by three entities holding claims which are not contingent as to liability or the subject of a bona fide dispute has been met.

Having found that the case was properly commenced, the only matter left for consideration is the determination of whether the Debtor is generally paying his debts as such debts become due. The Debtor, of course, contends that he is paying his debts

as they become due and in support of that contention submits an affidavit averring the same.

 One petitioning creditor, Salmon, filed an affidavit in opposition to Motion for Summary Judgment and attached certified copies of notices of Lis Pendens in three separate foreclosure actions naming Dana Sjostedt, individually, as a defendant and default judgments in two additional civil actions also naming Dana Sjostedt as defendant. The Court could certainly infer from those documents that the Debtor was not paying his debts as they came due, a fact which is disputed by the Debtor, is material to the matter under consideration, and which would preclude a summary judgment in the Debtor's favor. *Howell v. Continental Credit Corp.*, 655 F.2d 743 (7th Cir.1981).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtor in the above-captioned involuntary case be, and the same is hereby, denied and the matter is hereby set for trial on the issues on March 10, 1986 @ 1:30 p.m.