In re JAMES PLAZA JOINT VENTURE, James Enterprises, Inc. and James Investment Fund No. 1, Ltd., Debtors.

PLEAS DOYLE & ASSOCIATES, Haynes, Whaley and Thomas E. Lightfoot & Associates, Inc., Petitioning Creditors,

v.

JAMES PLAZA JOINT VENTURE and James Investment Fund No. 1, Ltd.

Bankruptcy Nos. 84–05148–H2–4, 84–05150–H3–4 and 84–05153–H1–4 Consolidated Under Bankruptcy No. 84–05148–H2–4.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Dec. 3, 1986.

Winstead, McGuire, Sechrest & Minick, Elaine S. McAnelly and J. Steve Jeffries, Houston, Tex., for Daniel E. O'Connell, trustee.

Stokes & Peters and Susan E. Peters, Houston, Tex., for Pleas Doyle & Associates, Haynes, Whaley and Thomas E. Lightfoot & Associates, Inc.

Robert L. Collins & Associates, Robert L. Collins and Daniel Kistler, Houston, Tex., for James Plaza Joint Venture and James Inv. Fund No. 1, Ltd.

## MEMORANDUM OPINION
## AND ORDER

EDWARD J. RYAN, Bankruptcy Judge.

Pending are two involuntary Chapter 7 petitions for relief. One is against James Investment Fund No. 1, Ltd. in Case No. 84-05153-H1. The other is against James Plaza Joint Venture in Case No. 84-05148. Both were filed on October 5, 1984, by the same petitioning creditors, Pleas Doyle Associates ("Pleas Doyle"), Haynes Whaley ("Haynes Whaley"), successors in interest to Gentry, Haynes, Whaley, Inc., and Thomas E. Lightfoot & Associates, Inc. ("Lightfoot").

The three creditors also filed on October 5, 1984 an involuntary Chapter 7 petition for relief against James Enterprises, Inc. in Case No. 84-05150. Although James Enterprises, Inc. was served with notice of the involuntary proceeding through its president, Richard A. Chenault, on October 8, 1984, it failed to file an answer. On January 11, 1985, an order for relief was entered by default pursuant to Chapter 7 of the Code. On January 16, 1985, Daniel E. O'Connell was appointed the Chapter 7 trustee of the James Enterprises, Inc. estate.

On November 1, 1984, the three creditors filed a motion for joint administration under Bankruptcy Rule 1015, to jointly administer the aforementioned three estates, asserting that: "... Debtors are related parties in that James Enterprises, Inc. was the general partner, and James Investment Fund No. 1, Ltd., the limited partner in the James Plaza Joint Venture. The petitioning creditors allege that their claims are against one or all of these debtors, jointly or severally, and stem from services rendered on certain property owned by one or all of the debtors." The order for joint administration of all three involuntary proceedings was granted on December 13,

1984. The three were consolidated under No. 84–05148.

Pretrial conferences on the two remaining involuntary petitions against James Plaza Joint Venture and James Investment Fund No. 1, Ltd., were held, and on March 26, 1986, the involuntary insolvency proceedings against James Investment Fund No. 1, Ltd. and James Plaza Joint Venture began. Those proceedings were adjourned that same day when it was discovered that additional pretrial discovery was necessary. The trial was adjourned to July 22, 1986 at which time both involuntaries were tried.

In limine we must first decide whether the three petitioning creditors meet the requirements of 11 U.S.C. Section 303(b).

The three creditors who filed the involuntary petitions against James Plaza Joint Venture and James Investment Fund No. 1, Ltd. rely on 11 U.S.C. Section 303 of the Code, which provides in relevant part:

"§ 303.  **Involuntary cases**

\*      \*      \*      \*      \*      \*

(b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—

(1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute, or an indenture trustee representing such a holder, if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

(2) if there are fewer than 12 such holders, ... by one or more of such holders that hold in the aggregate at least $5,000 of such claims; ..."

■ Involuntary petitions commenced under 11 U.S.C. Section 303 must be initiated by the correct number of creditors. A single creditor is sufficient to commence an involuntary proceeding if the debtor has fewer than twelve creditors. 11 U.S.C. Section 303(b)(2). On the other hand, if there are twelve or more creditors of the debtor, the petition must be commenced by at least three creditors. 11 U.S.C. Section 303(b)(1).

■ Section 303 further requires that petitioning creditors have claims against the debtor which are not contingent in regard to liability, and that aggregate at least $5,000 above the value of any security interests, mortgages, or other liens those creditors have on the debtor's property. 11 U.S.C. Section 303(b). Therefore, fully secured creditors cannot commence involuntary insolvency proceedings.

■ In the cases, *sub judice*, each of the three petitioning creditors' claims arose out of the proposed construction of a building known as James Plaza, Phase II. Construction of the building never commenced.

Pleas Doyle contends there was an oral contract between the creditors and the three related debtors in these proceedings. Pleas Doyle was the architect who prepared the architectural plans for James Plaza, Phase II, Haynes Whaley was the structural engineer and Lightfoot was in charge of the mechanical, electrical, and plumbing aspects of the proposed building.

Although each of the three creditors allege they hold separate and distinct claims against the debtors herein, we find otherwise. Haynes Whaley and Lightfoot have no standing as petitioning creditors against either of the involuntary debtors herein.

Testimony by Mr. Lightfoot at trial established that very seldom does he or his firm look to the owner of a project for payment. His firm looks only to the architect for payment. Lightfoot is in effect a subcontractor of Pleas Doyle.

There was no testimony regarding to whom Haynes Whaley looked for payment. The evidence shows that Haynes Whaley sought payment from Pleas Doyle only. No written or oral contract between Haynes Whaley and James Investment Fund No. 1, Ltd. or James Plaza Joint Venture was presented at trial. We find that Haynes Whaley was a subcontractor of Pleas Doyle.

In furtherance of this court's finding that the three creditors' claims are not separate and distinct, the three creditors filed only one Mechanic's & Materialman's Lien on April 4, 1983, on the property then owned by James Plaza Joint Venture upon which James Plaza, II was to be built. Pleas Doyle, claiming himself a supplier, filed a Mechanic's and Materialman's affidavit claiming he was owed $93,025.94. Pleas Doyle was the only signatory on the Mechanic's and Materialman's affidavit. Only in the attachments thereto did it become apparent that Lightfoot and Haynes Whaley's claims for services rendered were included in the $93,025.94. Obviously, Pleas Doyle felt it necessary as a contractor to file an affidavit on their behalf.

■ It is plaintiffs' burden to demonstrate the number of creditors of a debtor's estate. Our finding that only one creditor has standing in this case against the debtors, however, does not invalidate the involuntary petition. One creditor is sufficient if there are less than twelve creditors of a debtor's estate. 11 U.S.C. Section 303(b)(2). Pleas Doyle, Haynes Whaley, and Lightfoot failed to prove the number of creditors of either James Plaza Joint Venture or James Investment Fund No. 1, Ltd. It is not this court's duty to speculate as to the number of creditors of either of the two estates. Because there might be more than twelve creditors of either or both of the two debtors herein, and because Pleas Doyle is the only petitioning creditor with standing to bring these involuntary proceedings, the petition must fail. However, even if Pleas Doyle had established that both estates had less than twelve creditors each, we are not sure that Pleas Doyle could have met its burden of proof that it was unsecured as defined in 11 U.S.C. Section 303(b).

The relief sought by the petitioning creditors is denied.

A hearing will be held on the debtors' request for judgment under 11 U.S.C. 303(i) after an appropriate hearing to be arranged by the parties.

It is so ordered.

Let judgment enter accordingly.