**In re CARVALHO INDUSTRIES, INC., Alleged Debtor.**

**Bankruptcy No. 686–07702–R7.**

United States Bankruptcy Court, D. Oregon.

Dec. 16, 1986.

Michael W. Doyle, Perrin, Gartland & Doyle, Eugene, Or., for alleged debtor.

Owen B. McCullen, Armstrong, McCullen & Philpott, P.C., Eugene, Or., for creditor.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

This matter comes before the court upon the motion of Carvalho Industries, Inc., the alleged debtor herein, for dismissal of the involuntary petition filed herein or, in the alternative, for summary judgment.

This case was commenced on April 16, 1986, by the filing of an involuntary petition seeking an order for relief under Chapter 7 of the Bankruptcy Code against Carvalho Industries, Inc., alleged debtor (hereinafter debtor), by four petitioning creditors; BWR Associates (BWR), Alice Seid (Seid), Ronald B. Long (Long), and Kenneth W. Mouw (Mouw). Subsequently, three additional creditors, W.W. Grainger Co., Inc. (Grainger), Thomas Auer (Auer), and Dalmation Enterprises (Dalmation) joined as petitioners. The petitioning creditors al-

lege that debtor is generally not paying its debts as they become due.

Debtor has filed an answer to the petition in which debtor denies that it is generally not paying its debts as they become due. In addition, debtor alleges that some of the petitioners are not eligible to be petitioning creditors since they hold claims that are the subject of a bona fide dispute.

Subsequently, debtor paid the claims of Dalmation and Grainger in full and settled the BWR claim. On August 13, 1986, BWR filed a document entitled withdrawal of petition with this court confirming that its claim had been settled and indicating its withdrawal as a petitioning creditor in this case.

Debtor then filed its motion for dismissal of the involuntary petition or, in the alternative, for summary judgment. Debtor contends that the claims of petitioners Seid, Long, Mouw and Auer are subject to a bona fide dispute which renders these creditors ineligible to be petitioning creditors pursuant to 11 U.S.C. 303(b)(1). Further, debtor maintains that those petitioners who held claims that have been paid or settled should not be counted in determining the necessary number of petitioners required to commence an involuntary case under 11 U.S.C. 303(b)(1).

The debtor's motion is supported by the affidavits of R.J. "Rocky" Carvalho and Warren K. Boone setting forth, among other things, the debtor's position as to the disputes existing concerning the claims of petitioners Seid, Long, Mouw and Auer.

Petitioners Long and Mouw opposed debtor's motion by affidavits claiming that their claims are not subject to a bona fide dispute. Petitioners Seid and Auer did not respond to the motion.

At the conclusion of the hearing held on debtor's motion on October 28, 1986, this court found that there is a material issue of fact as to whether or not the claims of petitioners Long and Mouw are subject to bona fide disputes. Accordingly, this would need to be resolved, if necessary, at a trial or final hearing on the petition.

This court further found, however, that there is no genuine or material issue of fact concerning the claims held by petitioners Seid and Auer. These claims are the subject of bona fide disputes and debtor is entitled to judgment, as a matter of law, that petitioners Seid and Auer are ineligible to be petitioning creditors in an involuntary bankruptcy case pursuant to 11 U.S.C. 303(b)(1).

The sole remaining issue which was taken under advisement, is whether or not petitioning creditors who have either been paid or who have settled their claims and withdrawn post-petition are counted for the purpose of establishing the minimum number of petitioning creditors pursuant to Section 303(b)(1).

Debtor contends that those petitioners who have either been paid in full or who have withdrawn as petitioning creditors (Grainger, Dalmation and BWR) should not be counted in determining the necessary number of petitioning creditors to satisfy the minimum statutory requirement of three (3) petitioners. Since this court has found that petitioners Seid and Auer are ineligible to be petitioning creditors, debtor maintains that the petition must be dismissed. There are no longer three (3) eligible petitioning creditors, only petitioners Long and Mouw remain as questionable petitioners.

11 U.S.C. 303(b) provides in pertinent part as follows:

> (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
>
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject on [sic] a bona fide dispute, or an indenture trustee representing such a holder, if such claims aggregate at least $5,000 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;

(2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $5,000 of such claims; . . .

In this case, the parties agree that debtor has 12 or more creditors of the type and nature described in the statute and that the petition must meet the requirements of 11 U.S.C. 303(b)(1).

■ Post-petition payment of one or all petitioning creditors does not deprive the court of jurisdiction or require dismissal of the petition. *Reed v. Thornton,* 43 F.2d 813 (9th Cir.1930); *In re Claxton,* 21 B.R. 905 (Bankr.E.D.Va.1982). The petition is not rendered insufficient for lack of sufficient number of eligible creditors under Section 303(b)(1). *In re Sjostedt,* 57 B.R. 117 (Bankr. M.D.Fla.1986).

Important policy considerations underlie this rule, which is aimed at avoiding collusion between petitioners and the debtor. An involuntary petition protects all creditors of the debtor not only those presently before the court. *In re Claxton,* 21 B.R. 905, 908, 909.

If post-petition payments by the debtor required a dismissal of the petition, non-petitioning creditors as well as those petitioning creditors remaining unpaid, would be denied the protections afforded creditors under the Bankruptcy Code.

■ Debtor does not contend that petitioners BWR, Grainger or Dalmation are or were ineligible to be petitioning creditors for any reason other than post-petition payment or settlement. Accordingly, these three (3) petitioners must be counted in determining whether or not the petition in this case satisfies the requirements of 11 U.S.C. 303(b)(1).

It follows that debtor's motion for dismissal or summary judgment should be denied and an order consistent herewith shall be entered.

This Opinion shall constitute findings of fact and conclusions of law under Federal Rule of Civil Procedure 52 as made applicable to this court by Bankruptcy Rule 7052, they shall not be separately stated.