**In re Milton BRATEN, Debtor.**

**Bankruptcy No. 86 B 20433.**

United States Bankruptcy Court, S.D. New York.

May 9, 1989.

Barr and Faerber, Spring Valley, N.Y., for the debtor.

Sonnenfeld & Richman, New York City, for Hong Kong and Shanghai Banking Corp.

Moses & Singer, New York City, for Bankers Trust Co.

## DECISION ON MOTION TO DISMISS INVOLUNTARY PETITION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Milton Braten, the debtor in the above-captioned involuntary Chapter 7 case, has moved for an order dismissing the involuntary petition filed by the Hong Kong and Shanghai Bank ("Hong Kong Bank") on October 1, 1986, on the ground that he has more than twelve creditors. Alternatively, the debtor moves to dismiss the involuntary petition for neglect of prosecution. The Hong Kong Bank and Bankers Trust Company, which intervened as a second petitioning creditor, oppose the debtor's motion.

## FACTUAL BACKGROUND

In August of 1986, Lutz Appellate Printers ("Lutz") filed with this court under index number 86 B 20373, an involuntary petition for relief against the debtor, Milton Braten, pursuant to 11 U.S.C. § 303(b)(2) under Chapter 7 of the Bankruptcy Code. Lutz alleged that it held a judgment against the debtor in the sum of $15,477.14.

On October 1, 1986, the Hong Kong Bank served and filed with this court another involuntary petition for relief against the debtor under Chapter 7 of the Bankruptcy Code, pursuant to 11 U.S.C. § 303(b)(2). The Hong Kong Bank holds a claim against the debtor in the amount of $1,493,384.84, based on a judgment against the debtor entered in the County of Westchester, State of New York, on July 15, 1985.

On February 19, 1987, Lutz appeared in court by its attorney and stated that it wished to consolidate its case against the debtor with the case commenced by the Hong Kong Bank. However, Lutz did not formally intervene in the Hong Kong Bank's case and, instead, consented to the debtor's motion to dismiss the Lutz petition. Apparently the Lutz claim was satisfied after it filed its petition. The consent order of dismissal was filed with this court on March 18, 1987.

In his answer to the Hong Kong Bank's involuntary petition, which was filed with this court on October 22, 1986, the debtor denied the allegation that he had fewer than twelve creditors. A hearing was held in this court on May 19, 1987, with respect to the debtor's denial. On May 22, 1987, this court ruled that the debtor must file a verified list of all his creditors in compliance with Bankruptcy Rules 1003(b) and 1008, after which a hearing was scheduled to determine whether or not an order for relief should be entered in accordance with

11 U.S.C. § 303(h). *In re Braten,* 73 B.R. 896 (Bankr.S.D.N.Y.1987).

On June 8, 1987, the debtor filed with this court a verified list of creditors containing the names and addresses of twenty-one undisputed creditors, including the nature of the claims, the amounts and the periods during which the obligations arose.

By motion dated June 26, 1987, Bankers Trust Company ("Bankers") sought to intervene in the involuntary case commenced by the Hong Kong Bank. The debtor opposed Bankers' application on the ground that Bankers was a contingent creditor and was therefore ineligible to be a petitioning creditor pursuant to 11 U.S.C. § 303(c). Bankers held a written unconditional guaranty which the debtor issued with respect to the obligations of his corporation known as Braten Apparel Corporation ("Braten Apparel"). On September 5, 1974, Braten Apparel filed a petition for an arrangement pursuant to Chapter XI of the former Bankruptcy Act of 1898. A plan of arrangement was confirmed on March 12, 1976. Thereafter, in September of 1976, Bankers moved to set aside the confirmation on the ground that Braten Apparel had fraudulently concealed its ownership interest in Brookfield Clothes, Inc. The confirmation was set aside in June of 1982. *See In re Braten Apparel Corporation,* 21 B.R. 239 (Bankr.S.D.N.Y.1982), *aff'd* 26 B.R. 1009 (S.D.N.Y.1983); *aff'd without op.,* 742 F.2d 1435 (2d Cir.1983). Braten Apparel's minimum indebtedness to Bankers was $2,136,446.50. This court granted Bankers' motion to intervene in the Hong Kong Bank's involuntary petition against the debtor because his unconditional guaranty of payment as to the obligations of Braten Apparel was not contingent within the meaning of 11 U.S.C. § 303(c). *In re Braten,* 74 B.R. 1021 (Bankr.S.D.N.Y. 1987).

Thereafter, an attorney for Braten Apparel sought to intervene in this case as a third petitioning creditor. However, this court found, after a hearing, that the attorney's claim against the debtor was subject to a *bona fide* dispute because there was a question as to whether or not the debtor was personally liable for services which he argued were performed for the debtor's corporation. Therefore, the attorney's motion to intervene was dismissed by order dated May 31, 1988, because he was not an eligible petitioning creditor. *In re Braten,* 86 B.R. 340 (Bankr.S.D.N.Y.1988).

Following the denial of the intervention sought by the attorney for Braten Apparel, counsel for the Hong Kong Bank filed a motion with this court on behalf of Fleet Factors Corporation d/b/a Ambassador Factors ("Ambassador Factors") to intervene as a third petitioning creditor. However, the application by Ambassador Factors to intervene was withdrawn pursuant to an order entered on September 16, 1988.

The debtor now argues that the involuntary petition filed against him by the Hong Kong Bank must be dismissed because there are only two petitioning creditors, whereas he has more than twelve undisputed creditors holding claims aggregating in excess of $5000 that are not contingent. The petitioning creditors contend that the withdrawal of the Lutz petition was unauthorized and that Lutz should be counted as the third petitioning creditor. Alternatively, the petitioning creditors maintain that the debtor has not sustained his burden of proof as to the existence of twelve or more eligible creditors.

## DISCUSSION

### *The Need For Three Petitioning Creditors*

The two petitioning creditors contend that the first involuntary petition which Lutz filed against the debtor should be counted for purposes of ascertaining the existence of three petitioning creditors. Pursuant to 11 U.S.C. § 303(b)(1), an involuntary case under Chapter 7 of the Bankruptcy Code requires three eligible petitioning creditors. However, if there are fewer than twelve holders of claims against the debtor that are not contingent as to liability or the subject of a *bona fide* dispute, then an involuntary petition may be filed by one eligible creditor holding a claim of at least $5000 against a debtor in accordance with 11 U.S.C. § 303(b)(2).

When Lutz filed its own involuntary petition against the debtor in August of 1986, there was no basis for determining that the debtor then had twelve or more creditors. Similarly, when the Hong Kong Bank filed a separate involuntary petition against the debtor on October 1, 1986, there was no intimation that the debtor had twelve or more creditors. It was only after the debtor filed his answer on October 22, 1986 in response to the Hong Kong Bank's separate petition that an issue was raised as to the debtor's claim that he had twelve or more undisputed, noncontingent, unsecured claimholders. Lutz never formally intervened in the Hong Kong Bank's involuntary case, nor did the Hong Kong Bank ever join in the separate involuntary case commenced by Lutz. Therefore, when the debtor moved to dismiss the Lutz case to which Lutz consented, as reflected in the dismissal order filed on March 18, 1987, such dismissal had no affect on the Hong Kong Bank's separate case or this court's jurisdiction to entertain the Hong Kong Bank's petition.

■ There is no question that a post-petition payment by a debtor to one or all petitioning creditors does not deprive the court of jurisdiction or require dismissal of the petition. A creditor's withdrawal of joinder in the involuntary petition does not cause the petition to be insufficient *ab initio* for lack of the requisite number of eligible creditors under 11 U.S.C. § 303(b)(1). *Reed v. Thornton*, 43 F.2d 813 (9th Cir.1930); *Sheehan & Egan, Inc. v. North Eastern Shoe Co.*, 47 F.2d 487 (1st Cir.1931); *In re Elsub Corp.*, 70 B.R. 797, 809 (Bankr.D.N.J.1987); *In re Carvalho Industries, Inc.*, 68 B.R. 254, 256 (Bankr.D. Ore.1986); *In re Ross*, 63 B.R. 951, 962 (Bankr.S.D.N.Y.1986); *In re Sjostedt*, 57 B.R. 117, 120 (Bankr.M.D.Fla.1986); *In re Claxton*, 21 B.R. 905, 908 (Bankr.E.D.Va. 1982). However, Lutz commenced its own involuntary case against the debtor. The Hong Kong Bank was not prejudiced when Lutz consented to the entry of an order dismissing the Lutz case because the Hong Kong Bank was free to solicit other creditors of the debtor to intervene and join with it in its involuntary petition. Lutz was never an intervening creditor or a co-petitioner in the Hong Kong Bank's separate involuntary case and therefore Lutz cannot be regarded as having withdrawn from a case in which it never intervened. Although its counsel originally advised the court that Lutz wished to consolidate its case with the Hong Kong Bank's involuntary petition, Lutz never took any steps to effect such a joinder. Hence, not having intervened as a co-petitioner with the Hong Kong Bank and Bankers Trust, Lutz cannot be counted as their third petitioning creditor. The court order dismissing the Lutz involuntary petition bars the interpretation urged by the two petitioning creditors.

## Twelve Eligible Creditors

■ The two petitioning creditors dispute the debtor's verified list of twenty-one eligible creditors and maintain that twelve eligible creditors do not exist so that one petitioning creditor holding a claim aggregating at least $5000 may file an involuntary petition against the debtor within the meaning of 11 U.S.C. § 303(b)(2).

The debtor has complied with this court's order pursuant to Bankruptcy Rule 1003(b) and has filed a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof. The petitioning creditors have repeatedly adjourned the hearing originally scheduled by the court on June 23, 1987, to determine whether or not an order for relief should be entered in accordance with 11 U.S.C. § 303(h). For nearly two years the petitioning creditors have attempted unsuccessfully to enlist a third petitioning creditor who would be willing to join with them in their involuntary petition against the debtor. The petitioning creditors now contend that the debtor's assertion that he has twelve or more creditors is incredible on its face. They argue that the debtor's additional submission as to the names, addresses, and amounts which the debtor's verified list of creditor's reflects are far from convincing and remain suspiciously vague. The petitioning creditors scoff at the very idea of so many individuals or small retail

operations being so unconcerned with payment of significant and long overdue bills, especially in view of the passage of two additional years without any evidence in the record of any interest or efforts of such persons or entities to collect these debts.

Obviously, there will be no record of any interest on the part of the listed creditors to collect their claims, because to do so in the face of the involuntary case commenced by the petitioner, would constitute a violation of the automatic stay imposed under 11 U.S.C. § 362. Although the debtor does not dispute the existence of more than twelve creditors, the two petitioning creditors maintain that there is a *bona fide* dispute as to the existence of these debts. The petitioning creditors state that in these circumstances, absent a convincing and substantial showing of the existence of each of the alleged creditors, the court should find that such creditors do not exist. They contend that the debtor has failed to carry his burden of establishing their existence; or such creditors are subject to a *bona fide* dispute and therefore are not to be counted for purposes of 11 U.S.C. § 303(b). Indeed, the court cannot make any such finding because the petitioning creditors continue to adjourn the hearing scheduled for this purpose while they search for a willing third petitioning creditor.

As stated in *Hydromechaniki, SA v. MacDonald Construction Co.*, 511 F.2d 475, 477 (8th Cir.1975), involuntary bankruptcy cases should be handled expeditiously and a failure by the petitioning creditors to come up with a third petitioning creditor within a month and a half after the creditor filed a list of more than twelve creditors justified a dismissal of the involuntary petition. The debtor was not put to the test of producing evidence to establish the existence of twelve or more creditors, as in *In re Crabtree*, 39 B.R. 718 (Bankr.E.D.Tenn. 1984) and *In re McIsaac*, 19 B.R. 391 (Bankr.D.Mass.1982), because the petitioning creditors repeatedly adjourned the scheduled hearing. This is not a case where the debtor has the burden of establishing that there is a *bona fide* dispute as to the validity of a debt. *See Bartmann v. Maverick Tube Corporation*, 853 F.2d 1540, 1544 (10th Cir.1988); *In re Busick*, 831 F.2d 745, 750 (7th Cir.1987). Here, the petitioning creditors assert that there is a *bona fide* dispute as to the existence of twelve or more creditors. Once the debtor answers that there are twelve or more creditors and files a list of creditors in accordance with Bankruptcy Rule 1003(b), it then becomes the petitioning creditors' burden to put the debtor to the test. *In re James Plaza Joint Venture*, 67 B.R. 445, 448 (Bankr.S.D.Tex.1986).

For nearly two years the petitioning creditors have sought to find a third petitioning creditor without success. The petitioning creditors were given more than ample time to protect their interests and refute the debtor's verified list of twenty-one undisputed creditors. The court will not permit this involuntary case to continue any longer without a determination as to the issues raised by the debtor. Accordingly, the involuntary petition filed by the Hong Kong Bank will be dismissed without prejudice to the commencement of another case initiated by the correct number of eligible creditors.

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The Lutz involuntary petition which was filed against the debtor in August of 1986 commenced a separate case, which was independent of the involuntary case commenced by the Hong Kong Bank on October 1, 1986. Therefore, the order entered by this court on March 18, 1987, which dismissed the Lutz petition on consent, bars the petitioners in this case from counting Lutz as a third eligible petitioning creditor in this case for purposes of 11 U.S.C. § 303(b)(1).

3. The two petitioning creditors in this case have not established that the debtor has fewer than twelve eligible creditors

within the meaning of 11 U.S.C. § 303(b)(2) after the debtor answered their petition and filed a verified list of more than twelve eligible creditors, as required by Bankruptcy Rule 1003(b).

4. The two petitioning creditors have unreasonably delayed a determination by the court that the debtor has fewer than twelve eligible creditors so as to support the filing of an involuntary petition against the debtor by less than three petitioning creditors pursuant to 11 U.S.C. § 303(b)(2).

5. The debtor's motion to dismiss the Hong Kong Bank's involuntary petition filed against the debtor under Chapter 7 of the Bankruptcy Code is granted, without prejudice to the filing of another petition supported by three eligible petitioning creditors in accordance with 11 U.S.C. § 303(b)(1).

SETTLE ORDER on notice.