**In re DATA SYNCO, INC., Debtor.**

**Bankruptcy No. 92–31322.**

United States Bankruptcy Court, N.D. Ohio, W.D.

June 11, 1992.

Perry B. Newman, Cleveland, Ohio, for creditors.

H. Buswell Roberts, Jr., John P. Gustafson, Toledo, Ohio, for Data Synco, Inc.

OPINION AND ORDER DENYING MOTION TO DISMISS AND SCHEDULING HEARING UPON INVOLUNTARY PETITION

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon motion of Data Synco, Inc., the alleged Debtor, to dismiss involuntary petition pursuant to 11 U.S.C. §§ 303, 707(a) and 305 to which ITT Commercial Finance Corp., one of the petitioning creditors, has responded. Upon consideration thereof, the court finds that said motion is not well taken and should be denied and that a hearing should be held on the involuntary petition.

## FACTS

On April 6, 1992, an involuntary petition under chapter 7 of title 11 was filed against the above named Debtor, Data Synco, Inc. (Data), by creditors ITT Commercial Finance Corp. (ITT), Savin Corporation (Savin) and Colston's Mobil station. Thereafter, a summons issued and on May 7, 1992, Data filed the instant motion to dismiss stating that the claims of ITT and Savin are disputed, that the claim of Mobil in the amount of $237.60 is not in dispute, but falls below the minimum $5,000 requirement and that the petition was filed for improper reasons and in bad faith. Data also claims that it is no longer functioning as a going concern and that all its assets are fully encumbered, leaving no bankruptcy estate for administration. As a result of the alleged bad faith filing, Data seeks an award of damages and attorney's fees. ITT disputes these assertions.

## DISCUSSION

At the outset, the court notes that

[t]here is a presumption of good faith in favor of a petitioning creditor in an involuntary proceeding and the alleged Debtor had the burden of proving bad faith.

*In Re West Side Community Hosp., Inc.,* 112 B.R. 243, 259 (Bkrtcy.N.D.Ill.1990) (ci-

tation omitted). Furthermore, as the parties agree, the standard to determine whether a bona fide dispute exists is

> "whether there is an objective basis for either a factual or a legal dispute as to the validity of a debt." The court need not determine the probable outcome of the dispute, but merely whether one exists.

*Bartmann v. Maverick Tube Corp.*, 853 F.2d 1540, 1544 (10th Cir.1988) (citing *In Re Busick*, 831 F.2d 745, 750 (7th Cir. 1987)). Once a creditor has established that its claim is not subject to a bona fide dispute, "the burden shifts to the Debtor to present evidence of a bona fide dispute." *Bartmann*, 853 F.2d at 1544 (citations omitted).

■ ITT, in the involuntary petition, states that the nature of its claim is a "repayment of loans." According to the record, ITT and Data entered into an inventory financing arrangement. *See* Memorandum in Response to Debtor's Motion to Dismiss Involuntary Petition, Exhibits B–E. As a result of an alleged default under the terms of that arrangement, ITT instituted a state court action to collect on the debt due it from Data. *Id.*, Exhibit A. Data answered that complaint and asserted a counterclaim against ITT. *See* Memorandum in Opposition to Motion to Appoint Interim Trustee, Exhibit C.

Data asserts that a bona fide dispute exists as to the validity of the claim of ITT pointing to the pending state court action in which Data asserts a counterclaim. *Id.* However, the court is not persuaded that the existence of a counterclaim establishes a bona fide dispute; rather, such "merely serves to offset the amount owing if the counterclaim is proven." *In Re Onyx Telecommunications, Ltd.*, 60 B.R. 492, 498 (Bkrtcy.S.D.N.Y.1985). Additionally, there appears to be no "genuine issue of material fact that bears upon Debtor's liability." *In Re Prisuta*, 121 B.R. 474, 475 (Bkrtcy. W.D.Pa.1990) (citation omitted). Data entered into a financing arrangement with ITT; its liability thereunder exists.

Data also asserts that a bona fide dispute exists as to the validity of the Savin claim. In support thereof, Data has provided an affidavit setting "forth the bases upon which Data intends to defend the Savin claim once this involuntary petition is dismissed and the automatic stay is lifted." Motion to Dismiss Involuntary Petition at 6; Memorandum in Opposition to Motion to Appoint Interim Trustee, Exhibit B.

■ Again, however, the court is unpersuaded that Data has established a bona fide dispute. As discussed, *supra*, simply asserting possible defenses, which may rise to the level of counterclaims, is not sufficient evidence establishing a bona fide dispute.

Because the court finds that ITT and Savin qualify as petitioning creditors, and because Data does not raise any issue concerning the third petitioning creditor, Colston's Mobil, Inc., the court finds that the involuntary petition has, on the basis of petitioning creditors' eligibility, been properly filed. The instant motion to dismiss is not well taken. In light of the foregoing, it is therefore

ORDERED that the motion of Data Synco, Inc. to dismiss involuntary petition pursuant to 11 U.S.C. §§ 303, 707(a) and 305 be, and hereby is, denied. It is further

ORDERED that an evidentiary hearing upon the involuntary petition be held on Thursday, July 16, 1992 at 1:30 o'clock P.M., Courtroom No. 1, Room 103 United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio. It is further

ORDERED that the parties file, on or before July 13, 1992, a stipulation of facts, witness lists, including identity of expert witnesses and summary of their testimony and exhibit lists, including copies of exhibits for the court.