## In re FABERGE RESTAURANT OF FLORIDA, INC., Debtors.

### Bankruptcy No. 97–14116–BKC–AJC.

United States Bankruptcy Court, S.D. Florida, Miami Division.

July 3, 1997.

---

Robert E. Venney, Coral Gables, FL, for Debtor.

Alan L. Goldberg, Coconut Grove, FL, Trustee.

### *MEMORANDUM DECISION*

A. JAY CRISTOL, Chief Judge.

On May 23, 1997, an involuntary petition was filed under Chapter 7 by three petitioners against the Debtor, Faberge Restaurant of Boca, Inc., ("Faberge"), and after having a full evidentiary hearing on July 1, 1997 which was continued to July 2, 1997, and upon observing the candor and demeanor of the witnesses, and reviewing the documentation presented into evidence, the Court enters this ruling on the Motion to Dismiss as filed by Faberge which asserted only that two of the original three creditors were holders of claims which were the subject of a *bona fide* dispute.

### FACTUAL BACKGROUND

The three original petitioners to this involuntary Chapter 7 petition are the following corporations:

G.S.P.C. Enterprises, Inc.          $528,000.00

A.R.T., Inc.                        $   2,230.00

Keystone Creations, Inc.           $   4,502.50

On June 11, 1997, a motion to dismiss was filed by Faberge which disputed the debt owed to Keystone Creations, Inc. and A.R.T., Inc. and claimed those creditors were the subject of a *bona fide* dispute. No defense was raised as to G.S.P.C. Subsequently, three more creditors joined this petition:

Marina Polvay Associates            $4,777.19

Entertainment News & Views, Inc.    $  480.00

Millward & Co.                      $  380.80

Subsequent to the joinder, but prior to the completion of the hearing, which commenced on July 2, 1997 at 1:45 p.m., Faberge approached three creditors and paid them. First on or about July 1, 1997, Faberge paid $2,700.00 to Keystone as a settlement of the dispute between the parties. Second, on July 2, 1997, a Faberge check was delivered to Entertainment News & Views for the sum of $480.00. Third, on July 2, 1997, cash was received by Millward & Co. for $380.80.

None of the creditors who were paid withdrew their joinder in the petition.

Prior to the filing of this petition, but in the month of May of 1997, the Debtor created a list of its accounts payable. That list included the following creditors: (1) Marina Polvay for $550.68; (2) Millward & Co. for $370.60; (3) Entertainment News & Views for $480.00; and (4) A.R.T., Inc. for $974.34.

In addition, the Debtor had listed numerous loans on the reverse side of the accounts payable list, which included: (1) Verzura for $100,000.00; (2) American Foods for $72,547.76; (3) Lynka Adams Kroll for $20,000.00; (4) Total Bank for $100,000.00; (5) Payroll to Giulio Santillo for $27,000.00; (6) Pierro Filpi for $30,000.00; (7) Agnolotti for $160,000.00; and (8) rent for the premises $11,000.39. This excluded the amount owed to G.S.P.C. of $528,000.00 as indicated in the petition filed before this court.

## CONCLUSIONS OF LAW

Section 303 of the Bankruptcy Code governs the filing of involuntary petitions and provides stringent tests which must be satisfied before a debtor may be adjudicated and an order for relief be entered by the Court.

First, the Court must determine whether the Debtor has generally not been paying its debts as they become due. As reflected in trial, the following creditors were not paid: (a) sales taxes; (b) liquor taxes; (c) Department of Revenue for the state of Florida taxes; (d) 941 withholding taxes; (e) insurance; (f) most of the loans mentioned above; and (g) the rent for the premises. The principal of the Debtor, Giulio Santillo, stated that he could not make payments to numerous creditors because he didn't have the money. It is clear that Faberge was not making payments as they became due in light of the fact that no less than $965,000.00 was owed to various loans as well as G.S.P.C. and that the inability of Faberge to pay rent, tax liabilities and insurance, between the time of the petition and the time of a 2004 exam held on June 20, 1997, proves that this Debtor is not generally paying its debts as they became due.

Second, if the Debtor has more than twelve creditors, then standards under 11 U.S.C. § 303(b)(1) require that there be three creditors who are not the subject of a *bona fide* dispute or holders of contingent claims. In addition, the party who is a Debtor must be a party who could file voluntarily under Chapter 7 or Chapter 11. In this instance, Faberge, a restaurant, has the ability to file bankruptcy voluntarily under Chapters 7 or 11, and therefore qualifies as a party against whom an involuntary petition may be filed. There is no doubt that more than twelve creditors exist pursuant to the accounts payable ledger [Trial Exhibit 8] which was delivered to the court and had an alphabetical listing of trade and other small creditors which approximately numbered 39 entities, excluding the eight (8) loan creditors, the landlord, the numerous taxing authorities, and G.S.P.C.

G.S.P.C. is an undisputed creditor. G.S.P.C.'s debt also provides the requisite debt of $10,000.00 as required under 11 U.S.C. § 303(b)(1). Therefore, the only issue for the Court to review as to the other five (5) petitioners is whether or not two of the

five other creditors qualify to file an involuntary petition. Two are listed on the accounts payable ledger and were paid July 2, 1997 ("Entertainment New and Views" and "Millward & Co."). One was not listed on the accounts payable ledger, but was paid on or about July 1, 1997 ("Keystone"). The other two were listed on the accounts payable ledger and were not paid ("Marina Polvay Associates" and "A.R.T., Inc.").

### (A) A PARTY WHO IS CLAIMED TO BE THE SUBJECT OF A *BONA FIDE* DISPUTE BUT WHO IS PARTIALLY PAID AFTER THE FILING OF THE PETITION

■ The mere existence of a counterclaim is insufficient to create a *bona fide* dispute. *See In Re Data Synco, Inc.* 142 B.R. 181 (Bankr.N.D.Ohio 1992) as cited in *IBM Credit Corp. v. Compuhouse Systems, Inc.*, 179 B.R. 474 (W.D.Pa.1995). Further, if a portion of the debt is not a subject of a *bona fide* dispute, then the part that is not subject to a *bona fide* dispute is sufficient to create a debt under 11 U.S.C. § 303(b)(1) so as to permit a creditor to have standing to be a petitioning creditor in an involuntary proceeding. *See IBM Credit Corp. v. Compuhouse Systems, Inc.* at 479 citing *In re Willow Lake Partners II L.P.,* 156 B.R. 638, 643 (Bankr.W.D.Mo.1993), and *In re F.R.P. Indus., Inc.,* 73 B.R. 309, 312 (Bankr.N.D.Fla. 1987).

■ Keystone, an original petitioner for the sum of $4,502.50, received $2,700.00 on or about July 1, 1997. That payment, as made by the Debtor, indicates that at least a portion of the debt was not the subject of a *bona fide* dispute and is an admission of the liability by the Debtor. Keystone was not the subject of a *bona fide* dispute for $2,700.00. Keystone has standing to file an involuntary petition as it is undisputed that it was owed no less than $2,700.00 on May 23, 1997.

### (B) FULL PAYMENT MADE AFTER FILING OF THE PETITION

■ Keystone, Entertainment News & Views, and Millward & Co. both received payment after the filing of the bankruptcy. It is the contention of Faberge that payment

to those creditors eliminated those parties' standing or eligibility to be creditors under 11 U.S.C. § 303(b)(1). This issue has been reviewed by numerous courts. Policy reasons, and other considerations, dictate that the postpetition payments will not deprive the court of jurisdiction or require dismissal of the petition. *See Reed v. Thornton,* 43 F.2d 813 (9th Cir.1930); *Matter of Sjostedt* 57 B.R. 117, 120 (Bankr.M.D.Fla.1986); *In re Claxton,* 21 B.R. 905 (Bankr.E.D.Va.1982), *In re Carvalho Industries, Inc.* 68 B.R. 254, (Bankr.Or.1986). *Claxton* and *Carvalho* held that the involuntary petition protects all creditors of the Debtor and not only those presently before the Court. *See Claxton,* at 909, and *Carvalho,* at 256.

In *Matter of Sjostedt, supra* at 120, the parties who had joined in the petition *withdrew their joinder* by affidavits submitted to the court after receiving payment. Judge Paskay, in his decision, determined that:

> It is well settled that the fact that a creditor is paid post petition and withdraws his joinder in an involuntary case does not render the petition insufficient for lack of sufficient number of eligible creditors under § 303(b)(1).

*See Matter of Sjostedt,* at 120.

Because of the policy considerations enumerated in *Carvalho Industries, Inc.* which incorporate the Ninth Circuit's decision of *Reed v. Thornton,* and those same considerations recited in *Matter of Sjostedt* by the Middle District of Florida Bankruptcy Court, it is deemed by this Court that payment made postpetition will not permit a Debtor to dismiss an involuntary petition because of the postpetition payment. Instead, the postpetition payment evidences that there is no *bona fide* dispute between the Debtor and petitioning creditor as to the amount paid. This permits a creditor, either an original petitioner or a joining petitioner, not to be the subject of a *bona fide* dispute or a holder of a contingent claim.

The Debtor's July 1, 1997 and July 2, 1997 payments evidence that there was an existing debt on May 23, 1997, the date of the filing of the involuntary petition, to Keystone, Entertainment News & Views, and Millward & Co.

### (C) CREDITOR WHO IS LISTED IN THE ACCOUNTS PAYABLE LEDGER AND WHO IS NOT PAID

The accounts payable ledger, a document created by the Debtor, is a statement against the Debtor's interest. That document, by itself, constitutes adequate proof that Faberge acknowledged the debts to listed parties and the debts are not the subject of a *bona fide* dispute. Two such creditors were not paid: (a) Marina Polvay Associates and (b) A.R.T. Inc. By reviewing the document reflecting debt owed to Marina Polvay & Associates and A.R.T. Inc., the Debtor made a statement against its interest. By thereupon proclaiming those particular parties to be the subject of a *bona fide* dispute after receiving a summons in this involuntary proceeding is inadequate. The Debtor bears the burden to prove the dispute is *bona fide*. *See In re Rimell,* 111 B.R. 250, 258 (Bankr. E.D.Mo.1990).

### CONCLUSION

None of the petitioning creditors are the subject of a *bona fide* dispute. One was conceded at the outset, G.S.P.C. Enterprises, Inc., for $528,000.00. The joining petitioners who were paid, Entertainment News & Views, Inc. which received $480.00, and Millward & Co. which received $380.80, are also not the subject of a *bona fide* dispute in light of the fact that they received payment for their entire claim. Lastly, Keystone Creations, Inc., by receiving $2,700.00, is not the subject of a *bona fide* dispute for a sum of $2,700.00.

The two unpaid creditors, Marina Polvay Associates and A.R.T., Inc., were listed on the accounts payable ledger. They also are probably not the subject of a *bona fide* dispute because of the Debtor's representation of debt owed to these parties in the accounts payable ledger. Self-serving testimony cannot create a *bona fide* dispute when the Debtor's records reflect the opposite.

Accordingly, it is,

**ORDERED AND ADJUDGED** that the Motion to Dismiss as filed by the Debtor in the above-captioned involuntary is denied and a separate order for relief shall be entered by this court and this order, as issued, shall be immediately delivered to the U.S. Trustee's Office to assure that a panel trustee be appointed in all due haste to handle the affairs of this restaurant.

### *SUPPLEMENT TO MEMORANDUM DECISION*

The Court having held a hearing on July 2, 1997, and entered a Memorandum Decision dated July 3, 1997 (the "Memorandum Decision"); and it appearing that the Memorandum Decision needs to be supplemented; it is therefore

ORDERED that the Memorandum Decision is hereby supplemented to provide that the trustee appointed in this case is hereby authorized, pursuant to 11 U.S.C. § 721, to operate the business of Faberge Restaurant of Boca, Inc. (the "Debtor") until further Order of the Court.