## In re SYSTEMS COMMUNICATIONS, INC., Debtor.

### Bankruptcy No. 98–9299–8P7.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Jan. 21, 1999.

Edward K. Cottrell, Jacksonville, Florida, David M. Connors, Penrod W. Keith, Salt Lake City, Utah, for petitioning creditors.

David W. Steen, Tampa, Florida, for debtor.

## ORDER ELIMINATING ISSUES AND DETERMINING ISSUES TO BE TRIED

ALEXANDER L. PASKAY, Chief Judge.

This hotly contested involuntary case was duly scheduled for trial to determine whether three of the twelve Petitioning Creditors were eligible to file this involuntary case against the Debtor pursuant to 11 U.S.C. § 303(b) and the propriety of entering an order for relief against the Debtor pursuant to 11 U.S.C. § 303(h). The Debtor filed its Answer and Defenses, denying each of the requirements for filing an involuntary petition and stating that (1) the Petitioners are not creditors of the alleged Debtor; and (2) the act of filing the Petition was merely a litigation tactic in an attempt to acquire the Debtor's assets and, therefore, was filed in bad faith.

At the outset of the trial, the Debtor conceded that the claim of John Jassy to the extent of the amount of $36,892.82 and the claim of Remedy Intelligent Staffing in the amount of $4,320.00 are not contingent as to liability or the subject of a bona fide dispute. Further, Petitioning Creditors' counsel announced that no evidence would be presented in support of the claims of J. Loosey, Keith Krenz an Dinesh Khaladkar. That left for consideration the claims of the remaining seven creditors.

At trial, the Debtor challenged the claim of Kenneth D. Lame (Lame), based on the contention that although the claim is based on a promissory note, Lame is disqualified from being a petitioning creditor for the following three reasons: (1) the Debtor has a counterclaim for set-off against Lame and, therefore, Lame's claim is subject to a bona fide dispute; (2) the Debtor's books and records indicate that the Debtor has been paid; and (3) the Petition was filed in bad faith for an improper purpose.

■ This Court reviewed the authorities cited by Debtor's counsel in support of the proposition that the assertion of a counterclaim by the Debtor would render the claim subject to bona fide dispute. When one examines the true nature of the counterclaim, it should immediately be evident that the proposition urged by counsel for the Debtor is without merit. The assertion of a counterclaim admits that the creditor has a valid claim, albeit it may be subject to a reduction or ultimate elimination or even possibly a recovery by the counterclaimant if the claim exceeded the amount of the claim to which the counterclaim is addressed. It logically follows from the foregoing if there is no valid claim there cannot be a counterclaim. Moreover, this Court is satisfied that the proposition is not supported by case law. *See General Trading, Inc. v. Yale Materials Handling Corp.*, 119 F.3d 1485 (11th Cir.1997), cert. denied —— U.S. ——, 118 S.Ct. 1380, 140 L.Ed.2d 526 (1998) (Counterclaims only serve to set off amounts owing on the claim but they do not render the claim subject to a bona fide dispute.); *Faberge Restaurant of Florida, Inc.*, 222 B.R. 385 (Bankr.S.D.Fla.1997); *In re Manhattan Industries, Inc.*, 224 B.R. 195 (Bankr.M.D.Fla.1997) (Although counterclaim might diminish the value of the claim, it does not put the validity of the claim in issue.)

■ The Debtor's second argument, that the obligation is not owed by the Debtor because of an entry on the Debtor's books is specious. A debtor's book and record entries, presented alone, cannot be binding on a creditor. To hold otherwise would mean that if a debtor keeps no books and records it does not have any obligations, a proposition absurd on its face.

Based upon the evidence and testimony presented at trial, this Court is satisfied that three of the Petitioning Creditors, including Lame, are holders of respective claims against the Debtor that are not contingent as to liability or the subject of bona fide dispute. Two claims of the Petitioning Creditors which are conceded to be valid by the Debtor, exceed $50,000,00. This Court, therefore, is not required to review the claims of the other creditors to determine whether three of the Petitioning Creditors are eligible pursuant to 11 U.S.C. § 303(b).

Nonetheless, since the Debtor also contends that the Petitioning Creditors filed the involuntary Petition in bad faith in violation of 11 U.S.C. § 303(b), this Court is satisfied that the Debtor should be given an opportunity to present evidence on this issue.

Accordingly, it is

ORDERED, ADJUDGED and DECREED that three Petitioning creditors, including Petitioning Creditor, Kenneth D. Lame, are the holders of claims against the Debtor that are not contingent as to liability or the subject of bona fide dispute and that aggregate at least $10,000 more than the value of any lien on property of

the Debtor securing such claims held by the holders of such claims. It is further

ORDERED, ADJUDGED AND DE-CREED that a final evidentiary hearing is hereby scheduled before the undersigned in Courtroom 9A, Sam M. Gibbons United States Courthouse, 801 N. Florida Avenue, Tampa, Florida on March 8 & 9, 1999 at 9:00 a.m. The final evidentiary hearing will be limited to the issue of whether Petitioning Creditor, Kenneth D. Lame and the other petitioning creditors filed the involuntary petition in bad faith; and, if not, whether the Debtor is generally not paying its debts as such debts become due unless such debts are the subject of a bona fide dispute.